Oakley J.
The first count of the declaration in this cause, states, in substance, that Powers being indebted to Davis, in a large sum of money, which he was unable to pay, and for which a bond and warrant of attorney, to confess a judgment thereon, bad been executed to Davis ; a combination was entered into by all the defendants, with the intent to defraud the plaintiffs, and Other merchants in the city of New-Yorlc, and to get property into the hands of Powers, with the view that Davis might seize it for the satisfaction of his said debt. That, as a part of the said fraudulent plan, the sum of $2000 should be raised, and placed to the credit of Lawrence, in the hands of some person of respectability, in order to give the said Lawrence credit; that Lawrence, on the credit thus to be obtained, should purchase, in his own name, goods to a large amount, of the -plaintiffs and others, without disclosing his real connexion with Powers and Davis, which purchases were to be made on credit, and for the drafts of Lawrence on Powers, whom Lawrence was to represent as a man of property, and about to become his silent partner in business; and, that after such purchase was made, Lawrence should open a store, in his own name, but in which Powers was to be a silent partner. The declaration then avers, that in pursuance of the said fraudulent combination, a store was taken by Lawrence, the said $2000 were raised and placed in the hands of a certain mercantile house, to which reference might be made to give credit to Lawrence: that Lawrence purchased for his said store, in his own name, and mostly on cre *297 dit, and for his drafts on Powers, a large amount of dry goods, representing Powers to he a man of respectability, and about to become his partner; that, also in pursuance of the said fraudulent combination, Lawrence purchased of the plaintiffs a quantity of goods, in his own name, paid a small part of the purchase money, in cash, and gave the acceptance of Powers, at four months, for the balance, representing to the plaintiffs that Powers was a man of respectability, and about to become his partner; that Lawrence also represented to the plaintiffs that said goods were intended to be placed in his store, for the purpose of regular business as a dealer in dry goods; that, in truth, they were purchased with the intent of carrying them secretly to Powers, for the benefit of himself and Davis; that the same were, accordingly, immediately after they were purchased, conveyed to Powers, to enable Davis to seize them on execution, and that the same were levied upon by Davis, by virtue of an execution, taken out by him on a judgmént entered on his bond and warrant of attorney, and were thus con verted to the use of the said Powers and Davis, and that Lawrence and Powers were, at the time of the purchase of the goods of the plaintiffs, actually insolvent, and known to Davis to be so; and that the goods in question have never been paid for, &c.
The second count in the declaration, is substantially like the first, varying only in the averment, that the fraudulent combination was entered into for the purpose of obtaining the property, and secretly selling the same at auction, and dividing the proceeds among themselves, and that the same was so sold at auction, and converted to the use of the defendants, or delivered to the said Davis and Powers, and converted by them to their use.
To this declaration, Davis and Powers demurred separately, Powers assigning various causes of demurrer. Lawrence has suffered judgment to pass against him by default.
I am not able to perceive any foundation for this demurrer. This is an action on the case, in the nature of a conspiracy. The conspiracy is only important, inasmuch as it gives gives character to the individual acts of the parties to it, and charges all with the legal consequences of such acts. It is well settled, that whatever is done in of a fraudulent combination, by any of *298 the parties concerned in it, may be averred to be the act of all, the present case, the declaration avers a fraudulent combination among the defendants, for the purpose of cheating the plain-^ids, and sets forth various acts, as the means by which the fraud was perpetrated.' . Some of these acts are charged to have been ¿one directly by all the- defendants, and others by one or two of them, but all in pursuance of the original combination. It cannot be doubted, that if the declaration had averred that all the defendants used the fraudulent means of obtaining the plaintiffs’ property,whichare charged against Lawrence, that such an averment would be supported by proof, that they were used by him in pursuance of a plan concerted among them all; and it seems to me equally clear, that where the declaration sets forth a conspiracy, the act of each defendant, done in furtherance of its objects, may be stated to be done individually; and that such act, in judgment of law, is the act of all. This appears to be the well'established doctrine on this subject. [Jones v. Baker, 7 Cow. R. 445. Gardner v. Preston, 2 Day’s R. 205. Livermore v. Herschell, 3 Pick. R. 33.] In these cases, it is also well settled, that the damage to the plaintiffs is the gist of the action, and not the conspiracy. It seems also to be a rule, that in all cases, where fraud on the part of the defendant is averred, and damage to the plaintiff, in consequence of the fraud, an action will lie. This was so settled in the case of Paisley v. Freeman, (3 D. E. 51,) where the fraud was not intended to benefit the party committing it, and where there was no collusion between such party, and him who did, in fact, receive the benefit. The doctrine of Paisley v. Freeman, though sometimes questioned, has been fully sanctioned and established. [Upton v. Vail, 6 J. R. 181.]
Applying the foregoing principles to this case, it certainly is one of no difficult solution. The declaration, though somewhat informally drawn, sets forth a ease of gross fraud practised upon the plaintiffs, whereby they were induced to sell their goods to Lawrence on credit. They have been injured, and the defendants, or some of them, benefited by the fraud. It would be a reproach, indeed, to the law, if it did not afford redress for such a wrong.
*299 The defendant, Powers, has assigned several special grounds of demurrer. I do not think that any of them are well taken. The averments of the declaration, specially objected to, are either by way of inducement, or are impertinent, or surplusage, or relating to matters which, from their nature, (if true,) lie peculiarly within the knowledge of the defendants. Impertinent matter may be stricken out of the pleadings, upon proper application to the court; and matters of inducement, or those which the plaintiff cannot be supposed to know with certainty, may be generally stated. [Com. Dig. Pleader, C. 26, 27. 36. 31.] They do not afford any ground for a special demurrer. The omission to lay a venue in the body of the declaration, cannot be taken advantage of, as reference may be had to that stated in the margin, (Slate v. Post, 9 J. R. 81 ;) and there appears tobe a sufficient statement, as to'time, in both counts of the declaration, which may be applied to any material averment. There must be judgment for the plaintiffs on the demurrer.

Judgment for the plaintiffs, with leave to the defendants, &c.

[W. S. Johnson, Att’y for the plffs.]
[E. Anthon Att'y for Davis. W. P. Hawes Att'y for Powers.]