A. H. REED and another *vs.* MARY E. PIXLEY and another.

February 28, 1879.

Merely formal defects in a pleading, not objected to before the trial, are
waived. Errors without prejudice disregarded. New trial ordered for
error in admitting incompetent evidence.

Appeal by plaintiffs from an order of the district court for
McLeod county, *Macdonald* J., presiding, refusing a new trial.

*M. O. Little,* for appellants.

*James C. Edson* and *S. L. Pierce,* for respondents.

GILFILLAN, C. J.    Action for a balance of account for goods,
etc., sold, and money paid out, the complaint charging the
defendants jointly. Each defendant answered separately,
denying the allegations in the complaint, admitting that there
had been mutual dealings and business transactions between
plaintiffs and defendant answering, and that on a day stated,
(subsequent to the last day alleged in the complaint,) "an
account was stated between the plaintiffs and said defendant,
and upon such statement a balance of (stating it,) was found
to be due from said plaintiffs to said defendant," and each
answer demands judgment for such balance. The jury found
a verdict in favor of each defendant, for the balance claimed
in his (or her) answer. The plaintiffs claim now that the
answers do not sufficiently plead an "account stated" to ad-
mit proof of it. The answers may be formally defective in
this respect; but if so, the defect was waived by not objecting
to it before trial.

On the trial, the plaintiffs, to prove their case, introduced

their books of account, in which part of the account was charged to one defendant, and part to the other, and attempted to prove that the charges were so made at the request and for the convenience of the defendants, but that in fact the transactions were with, and the credit for the whole account was actually given to, Mary E. Pixley. This the defendants contested, claiming that the credits were given just as the books showed. Almost the entire controversy at the trial was upon this point, and all of the errors claimed (except as we shall hereinafter show) related only to that point. Now, the jury having sustained the allegations in each of the answers, and found, in effect, that plaintiffs' account against each of the defendants was more than satisfied, it is of no consequence whether such account ought to have been charged to this or that defendant, or both. These errors, then, if there were such, did no harm, and must be disregarded.

But there was one item of evidence admitted, which did not relate to the question, to whom was the credit given for the account? This was a conveyance of real estate from Isabella C. Armstrong and William F. Armstrong, to the defendant Mary E. Pixley, which was offered "as impeaching testimony." To impeach whom or what was not stated, nor can we find any evidence in the case which could be impeached by proof of a transaction between one of the defendants and persons not parties to the suit. It was not competent evidence against these plaintiffs.

We have looked through the case, to ascertain, if possible, that the admission of this deed was harmless, but find that it may have been seriously prejudicial to the plaintiffs in this way. To prove the statement of accounts pleaded, the defendants introduced two bills rendered by plaintiffs, one to Norman, the other to Mary E. On that to Norman, are credited two notes for $250 each, made by Mary E. Pixley and Dana E. King. The defendants introduced a contract between Mary E. and plaintiffs, by which they agreed to purchase in the name of Mary E., and pay for at a cost of not

more than $250, a building occupied by one Norcross, on the lot mentioned in the Armstrong deed, and to fit the same for a dwelling, at a cost not to exceed $250, she to pay them $250 January 1, following, and the remainder July 1, 1874. After defendants rested, the plaintiff Reed was recalled, and, in explanation of the credit of the two notes on the bill to Norman Pixley, stated they were given under the contract between plaintiffs and Mary E., one for the cost of the purchase, and the other for fitting it up; that the items for fitting the building were included in the bill, but that for the purchase was not, for the reason that he did not pay Norcross for the building until after the bill was rendered. The tendency of this evidence was to show that one of the notes belongs to another account—to wit, that under the contract—and not to the one represented by the bill. After this, the deed was introduced.

Norcross was in possession of the lot and building when the contract between plaintiffs and Mary E. was executed, but there was no other evidence of ownership. The jury may have been led to believe, from the deed, either that Norcross did not own the building, or that plaintiffs did not purchase it. On account of the error in admitting it, there must be a new trial.

Order reversed, and new trial ordered.