Ludwig and another vs. Cramer and others.

ORTON, J., took no part.

Ludwig and another vs. Cramer and others.

*October 3 — October 18, 1881.*

LIBEL.  *(1) When partners may sue jointly for libel.   (2) A certain newspaper article held libelous, (3) and not privileged.   (4) Proprietor of newspaper suable without joining writer of libel.*

1. For a libel which concerns plaintiffs as partners in the practice of their profession, they may sue jointly.
2. A publication which charges attorneys-at-law, in their conduct touching the defense of a client against a criminal prosecution, with "betraying and selling innocence in a court of justice," and with doing acts in their profession which should cause them "to be held up to the world as derelict in their sense of honor and obligation" and "unworthy of trust or confidence," is libelous.
3. Such a publication in a newspaper is not in the nature of a report of a proceeding in a court of justice, and is not privileged.
4. The proprietor of a newspaper in which a libel is published, may be sued therefor without joining the writer of the article as a defendant.
   ORTON, J., took no part.

APPEAL from the County Court of *Milwaukee* County.

Action for a libel in the publication of a certain article in the *Evening Wisconsin*, a daily newspaper published in Milwaukee, of which the defendants are the publishers. The substance of the article is sufficiently stated in the opinion. It appears from a statement in the printed case (but not from

the complaint), that the article was signed " Frank Smith Crocker." The defendants demurred to the complaint on the ground that "it appears on the face thereof, 1. That there is a defect of parties plaintiff and defendant. It does not appear that any one is a necessary party plaintiff but *John C. Ludwig,* and it appears that Frank S. Crocker is a necessary party defendant. 2. That several causes of action have been improperly united. 3. That the complaint does not state facts sufficient to constitute a cause of action." From an order overruling the demurrer, the defendants appealed.

*J. J. Orton,* for the appellants.

The cause was submitted for the respondents on the brief of *J. C. McKenney.*

COLE, C. J. The complaint is not very artistically drawn, but it clearly states a cause of action. It is alleged, in substance, that the plaintiffs are partners engaged in the practice of law in the city of Milwaukee, under the firm name of *Ludwig & Somers;* that the defendants are owners and proprietors of the *Evening Wisconsin,* a newspaper published in said city, having a large circulation; and that the defendants, maliciously intending to injure the plaintiffs in their profession, and to expose them to public hatred and contempt, and cause it to be believed that they were unworthy of trust and confidence in the practice of their profession, published in said paper the false and defamatory article which is set forth. The article concerns the plaintiffs as partners in the practice of their profession, and they can join in the action as plaintiffs. That the publication is libelous there can be no doubt. It charges the plaintiffs with grossly unprofessional conduct in respect to their client, Sophia Bauer, whom they were employed to defend, in the municipal court of Milwaukee county, against the charge of the murder of her infant child. The imputation is distinctly made that, in the management of the case, they betrayed their client; compelled her to sign an order on her

guardian for $75; and, without any knowledge of the facts of the case, hurried up her examination, and finally advised her to plead guilty to the charge made against her. But this is not all. The plaintiffs are not only charged with the failure to properly defend their client, and with giving bad legal advice, but also with " betraying and selling innocence in a court of justice;" of doing that in their profession which should cause them " to be held up to the world as derelict in their sense of honor and obligation, unworthy of trust and confidence, and to be shunned and avoided." It would seem unnecessary to observe that such language published concerning attorneys, touching their professional conduct, was grossly libelous. It clearly conveys imputations injurious to the professional character of the plaintiffs in the management of the cause with which they were entrusted; nay, more, it charges them with having betrayed the interests of their helpless client, which, by the obligations of their oath of office, as well as by every principle of duty and honor, they were bound to protect and defend to their utmost ability.

It is suggested by the learned counsel for the defendants, that the article in question is privileged, as being in the nature of a report of a proceeding in a court of justice. But we do not think there is any ground for saying that the publication can be justified for that reason. It does not profess to be a true and fair report of a proceeding in court, but is a direct attack upon the conduct of the plaintiffs as attorneys in the management of the case of Sophia Bauer. And, as we have said, it affects most injuriously their professional character, if false, as the demurrer admits it to be.

It was further insisted by the same counsel, that several causes of action were improperly united; but this objection is clearly untenable, as an examination of the complaint will show.

It was also insisted that the writer of the article should have been made a party defendant. But to this it is well an-

swered that it does not appear from the complaint who the writer is. Besides, this is an action of tort, and the failure to join another wrong-doer is no ground of demurrer or defense to the action. This principle is too well settled to require the citation of authorities in its support.

*By the Court.*— The order of the county court overruling the demurrer is affirmed.

ORTON, J., took no part.