## DETERMINED IN THE

# FIFTH DEPARTMENT,

### AT

# GENERAL TERM,

## January, 1886.

---

## AUGUST WEIDNER, Respondent, v. TIMOTHY G. PHILLIPS, Appellant.

*Fraudulent representations — what facts will justify a recovery by a vendor whose purchase was induced by them.*

This action was brought to recover damages alleged to have been occasioned by fraudulent representations of the defendant, by which the plaintiff was induced to purchase certain marble from him. The evidence tended to show that the defendant represented that the marble was worth $3,000; that it had actually cost him that amount, and that it was all what was known as No. 1 marble. Before the sale was completed a person was selected to examine the marble, who appraised it at $3,000. Evidence was given by the plaintiff tending to prove that an unexplained private interview was had between the defendant and the appraiser before the appraisal was announced and while he was making it. It also appeared that the marble was mostly inferior in quality to No. 1, and was what is known as Nos. 2 and 3.

*Held*, that these facts, if found by the jury to exist, justified a recovery by the plaintiff.

APPEAL from a judgment, entered upon a verdict at the Chautauqua Circuit, and from an order denying a motion for a new trial, made on a case and exceptions.

The action is for alleged fraud in the sale by the defendant to the plaintiff of a quantity of marble, and to recover the damages alleged to have been sustained thereby. The plaintiff had a verdict of $1,750. The defendant's motion for a new trial having been denied, and judgment entered, he appeals.

*Allen & Thrasher*, for the appellant.

*M. T. Jenkins*, for the respondent.

Bradley, J. :

The parties made an exchange of properties by which the plaintiff let the defendant have a hotel property, including certain personal property, and the latter, as the consideration transferred to the plaintiff a quantity of marble and paid him $1,100 in money. The plaintiff claims that he was induced to take the marble at the price of $3,000, by the fraudulent representations of the defendant in respect to its cost and value, when in fact it was worth less than $1,000. The evidence tends to prove and the weight of it is to the effect that the marble did not in fact cost more than $1,000, and that its value did not exceed that sum.

The contention on the part of the defendant is, that in any view of the evidence the plaintiff was not entitled to recover because representation in respect to value of property sold does not support the charge of fraud or liability.

That proposition is correct in so far that a naked representation of the value of property sold, by which the purchaser is induced to take it at a price in excess of its value, of which the seller is aware at the time of making the representation and sale, furnishes no cause of action for fraud. (*Ellis* v. *Andrews*, 56 N. Y., 83; *Chrysler* v. *Canaday*, 90 id., 272.) The reason of this rule is that the representation imports only an opinion, and that the purchaser having the opportunity must, by diligence on his part, use means to ascertain the value of the property. He cannot, after having supinely taken and relied upon the statement of the seller in that respect, make such representation the ground of action and recovery for fraud, although it appear that the latter had knowledge that the value was less than so represented by him and less than the amount paid to him for the property. (*Long* v. *Warren*, 68 N. Y., 426.) But this does not give immunity to the seller to take advantage of the fact that the purchaser has not the opportunity of ascertaining the value, and to make the sale of it by the use of means which cause him to forbear from taking any steps to obtain information, and thus induce him to rely upon the representation of value which the seller knows to be excessive. And this may be accomplished

by his statements of the cost and any other pertinent facts which are false and by him known to be so. The representation of value may, by the aid of such circumstances, charge the seller with liability for fraud. (*Simar* v. *Canaday*, 53 N. Y., 298 ; *Chrysler* v. *Canaday, supra.*)

There is some .evidence on the part of the plaintiff tending to prove that the defendant made statements which enabled, and may have induced, the plaintiff to understand that the cost of the marble was $3,000. The evidence given in that respect is not in its terms remarkably decisive, but is sufficient to fairly permit the inference that the defendant intended to have the plaintiff understand that such was the actual cost of the marble, and that the plaintiff was led to so believe by the representations of the defendant. Also, that the marble was all what was known as No. 1. Then before the trade was completed a person was selected to look over and appraise the marble. And the evidence given by the plaintiff was to the effect that it was appraised by such person at $3,000. He also gave evidence tending to prove that an unexplained private interview was had between the defendant and such person before the appraisal was announced and while he was in the act of making it. And it also appeared that the marble was mostly inferior in quality to No. 1, and was what was designated as Nos. 2 and 3, but how much that depreciated the value did not appear.

The plaintiff had no knowledge of quality or value of marble. The evidence on the part of the plaintiff was sufficient to justify the conclusion of fraud in the sale on the part of the defendant.

It is, however, insisted by the counsel for the defendant that the verdict was clearly against the weight of evidence, and that a new trial should be for that reason granted. And this contention is not only on the asserted insufficiency of the evidence on the part of the plaintiff to support the action, but that the force of it is overthrown by the evidence on the part of the defense. The evidence given by the defendant and his witnesses is, with conciseness of statement, directly in conflict with that of the plaintiff in all the particulars necessary to support the action ; and goes further and to the effect that the plaintiff was advised, and understood, before the trade that the cost and value of the marble was only about $1,000 ; that the defendant was not present at the appraisal, and had no interview

with the person who made it, and that he was selected for that purpose as the choice and upon the suggestion of the plaintiff. This testimony was contradicted by that of the plaintiff. The conflict of the evidence presented a question for the jury, the consideration of which had relation to the several witnesses who gave it. And although the number of witnesses on the part of the defense, and their manner of statement, as the same appear by the record before us, may seem to give a preponderance of proof in favor of the defendant, the question was peculiarly one for the jury, as involved in its consideration was the credibility of the witnesses, the appearance of whom on the trial was an important element (which cannot as well be appreciated elsewhere) in and of the determination of the question of fact. There is no fault found with the manner that the case was, by the charge of the court, submitted to the jury. They found the verdict, and the trial judge, who had the opportunity of observing the apparent situation presented by the trial, has denied a motion for a new trial. We cannot say that the verdict is so against the weight of the evidence as to require or justify the reversal of the judgment and the granting of a new trial. The motions for nonsuit were, therefore, properly denied.

The defendant took some exceptions to the admission and rejection of evidence. After the appraisal was made, the person making it rode home with plaintiff, who testified that on the way he asked that person if " he was pretty positive there was $3,000 worth of marble there." Objection made to the conversation being overruled, and exception taken by the defendant, the witness proceeded: " He said, ' yes, I think it will overrun ; I have thrown out a good many pieces that I did not figure on at all, and I have done that to be sure and have the whole at $3,000.' " This does not differ in respect to the result of the appraisal from that announced at the place where it was made. But in respect to the manner that it was done, this statement, as testified to, contained some new features that might tend to satisfy the plaintiff that the marble was well worth the sum named.

This evidence could not be used in aid of proof of collusion between this person and the defendant to go in support of its competency, but we are inclined to think there was other evidence, although perhaps slight, tending to prove collusion between this

person and the defendant, which might be characterized as conspiracy, and sufficient to permit the reception of the declaration in question, having relation, as it did, to the subject, and in aid of the common purpose (which the jury were permitted to say existed) to consummate the trade by obtaining $3,000 for the marble when it was only worth one-third that sum. The question of the admissibility of this testimony depended upon the evidence as it then appeared and the inferences which were permitted by it. (*Tappan* v. *Powers*, 2 Hall, 277; *Cuyler* v. *McCartney*, 40 N. Y., 221; *Dewey* v. *Moyer*, 72 id., 70.)

All other exceptions taken by the defendant have been considered; none of them seem to be well taken.

The judgment and order should be affirmed.

SMITH, P. J., and BARKER, J., concurred; HAIGHT, J., not sitting.

Judgment and order affirmed.