Murray, Appellant, vs. McGarigle and others, Respondents.

*September 26 — October 11, 1887.*

Parties: Pleading: *Complaint for conspiracy: Demurrer: Joinder of causes of action: Making more definite.*

1. The fact that one of the defendants in an action for a conspiracy to injure the plaintiff, was a partner with the plaintiff in the matters affected by such conspiracy, does not make him a necessary party plaintiff.

2. A complaint which charges a conspiracy by the defendants to control the coal trade in the city of Milwaukee. stating all the facts necessary to constitute such a conspiracy and to connect the several defendants therewith, and the injury thereby intentionally inflicted upon and sustained by the plaintiff, *held* to state a good cause of action.

3. An allegation in such complaint that one of the means used to carry out the common design of the conspiracy to injure the plaintiff's business and reputation was the publishing of a libel against him, is not to be construed as joining a cause of action for libel with that for a conspiracy, but only as stating matter of aggravation.

4. An allegation in such complaint that "plaintiff, believing himself unable to contend against the defendants and the other members," etc., did withdraw a certain proposal for the sale of coal, "and the defendants, *S.* and *B.*, in behalf of themselves and the other mem-

bers of said coal association, promised and agreed to pay" to plaintiff and his partner "the sum of $700, and that the plaintiff thereafter received *from them* the sum of $350, as and for his share thereof," is not so obscure as to justify an order to make more definite by specifying who is meant by the word "them."

5. An allegation in such complaint that "in further pursuance of such conspiracy, said B. refused to furnish any coal" to carry out certain contracts made by plaintiff for the sale of coal, especially such contracts with members of the Robert Chivas Post, is not so indefinite as to justify an order to specify with what particular members he made such contracts; and that could be more properly supplied by the testimony.

6. Allegations in such complaint that B., one of the defendants, "threatened that if plaintiff sold any coal to any member of . . . the Knights of Labor, he would furnish no coal upon a contract made between him and plaintiff;" and that another defendant, *McG.*, plaintiff's partner in the contract, "wrote letters to a large number of the customers of plaintiff, declaring canceled any contracts made with them by plaintiff for coal at less than $6.50 per ton," etc., are neither redundant nor irrelevant, but they charge acts constituting links in the chain of the general conspiracy, and connect the defendants B. and McG. therewith.

7. A demurrer to such complaint, on the ground that the court has no jurisdiction over the subject-matter, is frivolous.

8. A demurrer on the ground of a defect of parties should point out the particular defect. An excess of parties defendants is not reached by such a demurrer.

9. A demurrer on the ground that plaintiff has "no legal capacity to sue" implies a legal disability, and does not go to the cause of action.

APPEAL from the County Court of *Milwaukee* County.

This was an action for injuries to the plaintiff caused by a conspiracy of the defendants. The complaint is very long, and difficult to condense and yet clearly present the points taken by counsel and decided by the court. It charges, in substance, that the defendants *Buell, Benjamin* and *Swan* and others formed themselves into a coal association for the purpose of controlling and monopolizing the entire sale and delivery of coal in the city of Milwaukee, and preventing competition and fixing uniform prices at which it should

be sold; that the plaintiff and defendant *McGarigle* agreed to go into the business of selling coal on joint account under the name of the latter, and made a contract with the defendant *Buell* by which he was to furnish them at certain prices with all the coal they could sell; that plaintiff had some experience in the business, and immediately began to make contracts for the sale of coal, and among others put in a bid for furnishing the school board with a large quantity, at such prices that he and *McGarigle* would have got the contract and made a profit of $2,000; that the defendants also put in bids to the same board at higher prices, and that defendant *Buell* and the others constituting the Coal Association " did maliciously, unlawfully and wickedly conspire," etc., to compel the plaintiff to withdraw his bid, by threatening to shut him up in business and furnish him no more coal unless he did so, and by offering to pay him and *McGarigle* $700, if it was withdrawn; that the plaintiff fearing that said threats would be carried out, and believing himself to be unable to contend against the demands of the defendants and of such Coal Association, did withdraw his bid, and defendants *Buell* and *Swan* agreed to pay him and *McGarigle* the sum of $700, and that he " thereafter received from them " the sum of $350, for his share, and thereby lost the sum of $1,000, which he would otherwise have made; that in further pursuance of said conspiracy the defendants and other members of the Coal Association agreed among themselves not to bid for any public contracts except at prices previously fixed by them, and refused to furnish the plaintiff any coal to fill contracts made by him with members of the Robert Chivas Post, or with any of the Knights of Labor; and the defendants *Buell* and *McGarigle* fraudulently and maliciously caused a large number of letters, signed by the latter, to be delivered to plaintiffs' customers and others, stating that if plaintiff had contracted to sell coal at less than $6.50 per ton such contracts were

unauthorized and were canceled, whereby plaintiff was brought into disrepute and lost the confidence and good will of the people; and they also colluded to cancel the first contract for furnishing coal and substituted another at higher prices, and finally defendant *Buell* refused to furnish the plaintiff with any more coal; and by these means they caused the plaintiff to lose large profits upon sales negotiated by him with Knights of Labor and others, and ruined him and drove him out of business, and greatly injured his reputation, to his damage the sum of ten thousand dollars.

The defendant *Buell* moved that the complaint be made more definite and certain, by stating definitely when the Coal Association was formed; naming the persons who formed it; stating when plaintiff had acquired experience in selling coal; from what particular persons he received the $350 mentioned in his complaint; to what members of the Robert Chivas Post he could have sold coal, and with what members thereof or other persons he had contracts; whether he could have sold coal to the Knights of Labor as a body or as individuals, and to what individuals, and also whether they were an incorporated body. He also moved to strike out from the complaint all that related to the letters sent by *McGarigle* to plaintiff's customers and the effect thereof upon plaintiff's reputation, and the good will of the people, as being irrelevant, redundant, and tending to set forth an independent cause of action in tort, not separately stated nor proper to be joined with the main cause of action.

The defendants *McGarigle*, *Benjamin* and *Swan* severally demurred to the complaint, on part or all of the grounds, that the court had no jurisdiction of the subject-matter of the action; that the plaintiff had no legal capacity to sue, because interested in and connected with the defendants in the matters out of which the cause of action arose; that there is a defect of parties plaintiff, in that *McGarigle* is not made a plaintiff, and also a defect of parties defendant;

that several causes of action have been improperly united; and that the complaint does not state facts sufficient to constitute a cause of action.

From orders sustaining such motion and each of the de⁻ murrers, the plaintiff appeals.

For the appellant there was a brief by *Clarke & McAu-liffe*, attorneys, and *J. C. McKenney*, of counsel, and oral argument by *Mr. McKenney*. As to the sufficiency of the complaint, they cited *Gregory v. Duke of Brunswick*, 6 M. & G. (46 Eng. C. L.) 205; *Tappan v. Powers*, 2 Hall (N. Y.), 277; *Bulkley v. Storer*, 2 Day (Conn.), 531; *Bowen v. Mathesen*, 14 Allen, 499; *Schwab v. Mabley*, 47 Mich. 572; *Jones v. Baker*, 7 Cow. 445; *Hutchins v. Hutchins*, 7 Hill, 104; *Kimball v. Harman*, 34 Md. 407; *Patten v. Gurney*, 17 Mass. 182; *Hamilton v. Smith*, 39 Mich. 222; *Parker v. Huntington*, 2 Gray, 124; *Richardson v. Emerson*, 3 Wis. 319. The demurrer for defect of parties defendant does not point out the necessary parties, nor does it reach the case of an excess of defendants. *Baker v. Hawkins*, 29 Wis. 576; *Arzbacher v. Mayer*, 53 id. 380; *Bronson v. Markey*, id. 98; *Truesdell v. Rhodes*, 26 id. 215; *Ludwig v. Cramer*, 53 id. 193. The injury was to the plaintiff alone, and *McGarigle* was not a necessary plaintiff, but was prop-erly made defendant. *Noonan v. Orton*, 32 Wis. 106; *Slutts v. Chaffee*, 48 id. 617; Townshend on Slander, secs. 185, 303; Parsons on Partnership (2d ed.), 338, 339, 340; 1 Collier on Partnership, 623, 1027; 1 Lindley on Partner-ship, 481; *Longman v. Pole*, 1 Mood. & M. 223. There was no misjoinder of causes of action. *Willard v. Reas*, 26 Wis. 540; *Bassett v. Warner*, 23 id. 673.

For the respondent *Buell* there was a brief by *T. R. Shepard;* for the respondent *McGarigle* a brief by *C. E. Shepard;* for the respondent *Benjamin* a brief by *Mark-ham & Noyes;* and for the respondent *Swan* a brief by

*Jenkins, Winkler, Fish & Smith;* and there were oral arguments by *G. H. Noyes* and *C. E. Shepard.*

Grouping their arguments, they contend that the complaint is too indefinite as to who paid the bribe to the plaintiff. The plaintiff cannot recover for the injury to the public arising from the exorbitant rates of coal. Nor can he recover for a conspiracy, when the only damage he shows arises from *Buell's* breach of contract. *Kimball v. Harmon,* 34 Md. 407; *Orr v. Home M. Ins. Co.* 12 La. Ann. 255; *Bowen v. Matheson,* 14 Allen, 499; *Parker v. Huntington,* 2 Gray, 124; *Comm. v. Hunt,* 4 Metc. 111; *State v. Rickey,* 9 N. J. L. 293. He cannot, therefore, recover against defendants who are charged with nothing except the conspiracy. Nor can he recover damages for loss of profits arising from that breach of contract. *Blanchard v. Ely,* 21 Wend. 342; *Taylor v. McGuire,* 12 Mo. 313; *Lewis v. Atlas, etc. Ins. Co.* 61 id. 534; *Singer v. Farnsworth,* 2 Ind. 597; *Masterton v. Brooklyn,* 7 Hill. 61. The complaint misjoins a cause of action on contract with one in tort. *Lane v. Cameron,* 38 Wis. 603; *Bishop v. C. & N. W. R. Co.* 67 id. 610. The agreement between the plaintiff and *McGarigle* constituted them partners, and one of them cannot sue the other at law for any transaction growing out of their relations as such. 1 Lindley on Partn. 15–17; *Whitney v. Ludington,* 17 Wis. 140; *Miller v. Price,* 20 id. 117; *Wood v. Beath,* 23 id. 254; *Lower v. Denton,* 9 id. 268; *Drew v. Ferson,* 22 id. 651; *Sprout v. Crowley,* 30 id. 187; *Pray v. Mitchell,* 60 Me. 430. The complaint shows that the plaintiff was *particeps criminis* with the defendants, and therefore he cannot sue them for damages. *Boyd v. Barclay,* 1 Ala. 34; *State v. Crowley,* 41 Wis. 284; *Sampson v. Shaw,* 101 Mass. 145; Greenhood on Pub. Pol. 127; *Wood v. U. G. C. B. Ass'n,* 63 Wis. 14. The agreement between defendants was only in partial restraint of trade, and, therefore, not unlawful.

*Kellogg v. Larkin,* 3 Pin. 123; *Laubenheimer v. Mann,* 17 Wis. 542; *Stanton v. Allen,* 5 Denio, 434; *Washburn v. Dosch,* 68 Wis. 436.

ORTON, J. The complaint in this action is very long, and yet perhaps no longer than necessary in such a case, and the defendants are numerous, and each defendant appears by his own separate counsel, to demur, or strike out, or for some other purpose. The great skill and ability of the numerous counsel employed in making each his own assault upon the complaint have made a voluminous record upon this appeal, and one (as might have been expected) very much involved and confused, and very intricate and difficult to consider and dispose of in an opinion of reasonable length. To copy, or even abstract, the complaint, or state formally the various objections to it by the demurrers or motions, would serve no useful purpose, and we shall therefore dispose of these objections as briefly as may be, and give sufficient reasons for the rulings. It is apparent that very many of the objections have arisen from a misapprehension of the theory and purpose of the complaint. It is a case of *conspiracy,* and the various allegations of the complaint must be tested by what is required in such a case. The county court seems to have sustained all the objections in a manner appropriate to the demurrers and motions, and the plaintiff has appealed from the various orders together.

The complaint seeks to set out, by way of inducement, the circumstances under which the injury complained of was committed,— the conspiring together and common purpose of the defendants, and the means used to accomplish their common purpose, the object to be attained, the *overt acts* of one or more of the defendants in pursuance of such common purpose, and, lastly, the resulting injury and damage to the plaintiff. The complaint in form would seem to be

sufficient, and answer the requirements of an action for conspiracy.

1. The objection that there is a defect of parties ought to have pointed out the defect. Sec. 2651, R. S.; *Baker v. Hawkins*, 29 Wis. 576. This objection does not reach a case of *excess* of parties defendant, and if it did, this is an action of tort, and such excess would be no objection. *Ludwig v. Cramer*, 53 Wis. 193.

2. That the court has no jurisdiction of the subject of the action is frivolous.

3. That the plaintiff has no legal capacity to sue. This implies legal disability, and does not go to the cause of action *(People ex rel. Lord v. Crooks*, 53 N. Y. 648), and is untenable.

4. That the defendant *McGarigle* is a necessary party plaintiff. It may be true that this defendant and the plaintiff were partners in matters affected by the conspiracy, but he is charged as one of the conspirators, which makes his blame greater, and less excusable, and he is not interested in the damages. In such cases partners may and should sever. Pars. Partn. (2d ed.), 338; *Ludwig v. Cramer, supra; Noonan v. Orton*, 32 Wis. 106; *Slutts v. Chafee*, 48 Wis. 617. "If a third person colludes with one partner in a firm to injure the other partner or partners the latter can sustain an action." 1 Colly. Partn. 623–1027; Pars. Partn. 339.

5. That several causes of action are improperly united. The libel charged against *Buell* and *McGarigle* is one of the overt acts in carrying out the common design of the conspiracy, and not a distinct and separate cause of action.

6. That the complaint does not state a cause of action. This objection is clearly untenable. The complaint states every fact necessary to constitute a cause of action against all of the defendants, and they are all charged as being in

the conspiracy, and all connected by overt acts, singly or together, to carry it out. The damage is the gist of the action, and they are combined to produce the injury. The conspiracy and injury concur by proper averments, connecting all the defendants therewith.

7. That the complaint is indefinite and uncertain — *First*, in that the words in a certain part of the complaint " from them " are not connected with any certain persons by proper reference. It is not perceived wherein there is the least obscurity as to who are meant by the word " them." *Second*, in that the names of the members of Robert Chivas Post to whom the plaintiff *could* have sold coal are not stated. It would be impossible for the plaintiff to state who those persons all are with whom the plaintiff had contracts for the sale of coal, or might have, without swelling the complaint in such cases beyond all bounds. This could be supplied by the testimony much easier. All the evidence to sustain an action for conspiracy need not be stated in the complaint. It is said in *Rex v. De Berenger*, 3 Maule & S. 67: " It seems to me not to be necessary to specify the persons who became purchasers of stock, as the persons to be affected by the conspiracy," etc. See, also, *Tappan v. Powers*, 2 Hall, 277.

8. That certain parts of the complaint should be stricken out as surplusage, redundant, or irrelevant. Those parts of the complaint so pointed out appear to contain most material and proper averments to connect the defendant *McGarigle* with the conspiracy together with the defendant *Buell*.

We do not think that the complaint is liable to any of these objections, and we are satisfied that all of said orders appealed from are erroneous, and ought to be reversed. It is no discredit to this opinion that it embraces so much of the brief of the learned counsel of the appellant, who has had large experience as a lawyer in actions for conspiracy.

*By the Court.*— The orders of the county court appealed from are reversed, all and singular, and the case is remanded with direction to overrule said demurrers and motions, and for further proceedings according to law.