LUTH JAEGER v. REINERT SUNDE and Others.[1]

December 8, 1897.

Nos. 10,716—(141).

**Pleading—Defect of Parties—Demurrer—Parties Omitted.**

Under the Code, as under the old chancery practice, a demurrer for defect of parties defendant is bad if it does not, in a proper manner, point out the persons who ought to be made defendants.

Action in the district court for Hennepin county by the receiver of the insolvent Scandia Bank of Minneapolis against the stockholders of the bank to compel payment by them of sums equal to twice the par value of the stock held by each. Reinert Sunde and certain other defendants demurred to the complaint. From an order overruling their demurrer, Russell, J., they appealed. Affirmed.

*Arctander & Arctander,* for appellants.

*Charles M. Pond,* for respondent.

COLLINS, J.

Appeal from an order overruling a demurrer, general and special, to a petition or complaint filed in a proceeding instituted to enforce the liability of stockholders by a receiver of an insolvent banking corporation, appointed as such receiver under the provisions of Laws 1895, c. 145, § 20. All of the assignments of error, save the third, have been disposed of in Ueland v. Haugan, supra, page 349.

---

[1] Reported in 73 N. W. 171.    [3] See Anderson v. Seymour, infra, page 358.

The third ground of demurrer was in these words, "That there is a defect of parties defendant in said action," and the third assignment refers to this ground.

The demurrer itself was insufficient, for it should have specially pointed out what the defect was and who were the necessary parties. This was the ancient and salutary rule of chancery practice. In a demurrer for want of parties the defendant must point out the necessary parties by name or otherwise. Dias v. Bouchaud, 10 Paige, 445; Story, Eq. Pl. § 543, and note; 1 Daniell, Ch. Prac. § 584, and note. The Code has not abrogated this wholesome rule, for there is nothing in its language indicating such an intention. Baker v. Hawkins, 29 Wis. 576; Murray v. McGarigle, 69 Wis. 483, 34 N. W. 522.

The rule is enforced in Indiana. Durham v. Bischof, 47 Ind. 211; Leedy v. Nash, 67 Ind. 311. It prevailed generally in New York for many years after the adoption of the Code. Van Santvoord, Pl. 672, 714. Later there was a disposition to relax it, and to hold that a demurrer was sufficient if in the language of the statute. The rule was so just and beneficial that in 1877 it was incorporated into the Code. 7 Wait, Prac.; Code Civ. Proc. § 490.

So that under the Code, as under the old chancery practice, a demurrer for defect of parties defendant is bad if it does not in some suitable manner point out the persons who ought to be made defendants. In conclusion, we call attention to Graham v. City, 40 Minn. 436, 42 N. W. 291, in which a demurrer for defect of parties defendant was interposed. The opinion fails so to state, but an examination of the paper book shows that the able practitioner who drew the demurrer followed the rule referred to, and by name pointed out the person who should have been made a defendant.

Order affirmed.