J. M. ANDERSON v. W. J. DYER & BRO. and Others.[1]

December 23, 1904.

Nos. 14,193—(221).

**Pleading—Conspiracy.**

A complaint which sets forth that several distinct corporations, owning a majority of the stock of an independent company, have conspired together to deprive the plaintiff of stock owned by him in the latter, or its application on a note which he had pledged as collateral for his stock, and denied such owner an accounting of profits, while pro-

[1] Reported in 101 N. W. 1061.

posing to conduct its business to prevent him from deriving benefits therefrom, states a cause of action for equitable relief.

### Joinder of Causes of Action.

In a complaint where equitable jurisdiction is invoked, to which incidental claims are subsidiary, although the latter may disclose separate and distinct causes of action, they are not improperly joined.

### Demurrer—Defect of Parties.

A demurrer to a complaint upon the ground that there is a defect of parties is insufficient unless it states specifically wherein such defects consist, and names the parties omitted.

Separate appeals by defendants, W. J. Dyer & Bro., Duluth Music Company and W. J. Dyer, from an order of the district court for Ramsey county, Brill, J., overruling their separate demurrers to the complaint. Affirmed.

*Franklin H. Griggs*, for appellants.

The complaint does not state a cause of action as against either defendant. 2 Cook, Corp. (5th Ed.) § 684; Zellerbach v. Allenberg, 99 Cal. 57.

The plaintiff's claim is more than stale, and has long been barred by the statute. 6 Enc. Pl. & Pr. 404–406.

The attempted causes of action have been improperly joined. 2 Cook, Corp. (5th Ed.) §§ 646, 647.

*Koon, Whelan & Bennett,* for respondent.

Demurrer for defect of parties will not lie unless the same is apparent upon the face of the pleading. No such defect is apparent and no such defect is pointed out. Minneapolis Harvester Works v. Libby, 24 Minn. 327; Reynolds v. La Crosse & Minn. P. Co., 10 Minn. 144 (178); Mendenhall v. Duluth Dry Goods Co., 72 Minn. 312. A complaint is not demurrable for misjoinder of parties nor for excess of parties. Hoard v. Clum, 31 Minn. 186; Lewis v. Williams, 3 Minn. 95 (151). The most vital objection to the demurrer on this ground is that the demurrer does not specifically show wherein the alleged defect consists, naming the person or persons who should have been joined. This is absolutely essential. Jaeger v. Sunde, 70 Minn. 356; Graham v. City of Minneapolis, 40 Minn. 436; Davis v. Chouteau, 32 Minn. 548; Jones v. City of Minneapolis, 31 Minn. 230.

More than one cause of action is not stated. This is a bill in equity. Although the facts are voluminous and complicated, but one single primary right is alleged and one single primary wrong is complained of; every other right or wrong mentioned or set forth being but a special subordinate right or wrong included in and flowing from the primary right and wrong set forth. Where several grounds for relief are stated, but all arising out of the same series of transactions and relating to the same subject-matter, and they can be conveniently settled in one suit, the bill is not multifarious. Rosenstein v. Burns, 41 Fed. 841; Lenz v. Prescott, 144 Mass. 505; Brown v. Guarantee T. & S. D. Co., 128 U. S. 403; Woolley v. Pemberton, 41 N. J. Eq. 394; Wells v. Bridgeport Co., 30 Conn. 316; Chaffin v. Hull, 39 Fed. 887; Palmer v. Tyler, 15 Minn. 81 (106); Jones v. Morrison, 31 Minn. 140; Mitchell v. Bank of St. Paul, 7 Minn. 192 (252); North v. Bradway, 9 Minn. 169 (183); Nichols v. Randall, 5 Minn. 240 (304).

But admitting, for the sake of the argument, that several causes of action are united in the complaint herein, then said causes of action are properly joined because they are included in and arise out of the same transaction, or transactions connected with the same subject of action, within the provisions of the first subdivision of section 5260, G. S. 1894.

The demurrer must be overruled if one good cause of action is stated in the complaint. First Nat. Bank v. How, 28 Minn. 150; Grant v. Grant, 53 Minn. 181; Vaule v. Steenerson, 63 Minn. 110; Miller v. Rouse, 8 Minn. 97 (124); Gammons v. Johnson, 69 Minn. 488.

The complaint states at least one good cause of action. Upon the allegations of the complaint plaintiff is entitled to have the earnings of the Duluth Music Company applied to the payment of his note and to have the note and stock delivered to him. While it is true that a minority stockholder cannot ordinarily resort to the courts to compel the corporation to declare a dividend, yet where the dividend is withheld not for any lawful purpose, but for the purpose of defrauding a stockholder, he may have the aid of equity to enforce his rights. 2 Cook, Corp. (5th Ed.) § 545. A bill in equity is the proper remedy to obtain possession of certificates of stock. 2 Cook, Corp. (5th Ed.) § 579; Hasbrouck v. Vandervoort, 4 Sandf. 74; Bryson v. Rayner, 25 Md. 424; Beatty v. Sylvester, 3 Nev. 228.

Counsel cannot raise the point that an action is barred by the statute of limitations under a general demurrer. Trebby v. Simmons, 38 Minn. 508; Hardwick v. Ickler, 71 Minn. 25; Gilbert v. Hewetson, 79 Minn. 326; Schmitt v. Hager, 88 Minn. 413. Where relief is demanded on the ground of fraud, the party applying for the relief should not be estopped from recovery on the ground of laches, unless he has had full knowledge of the wrongful acts themselves. Marcotte v. Hartman, 46 Minn. 202; Hayes v. Carroll, 74 Minn. 134; Wall v. Meilke, 89 Minn. 232; 2 Pomeroy, Eq. Jur. §§ 917, 918.

LOVELY, J.

This appeal is from an order overruling the several demurrers of defendants to plaintiff's complaint.

The following material facts are set forth in the challenged pleading: Two of the three defendants are corporations of the state of Minnesota. The Duluth Music Company was organized October 1, 1889, with a capital stock of $50,000, $10,000 of which was paid in upon its organization. Plaintiff purchased thirty shares, the par value being $100 each, described in three certificates which were issued to him. In payment he executed his promissory note on the same day, payable to the order of W. J. Dyer & Bro., defendant, with interest at eight per cent. Plaintiff also transferred as collateral security for the notes his certificates of stock, which were accepted; and it was understood between the parties to the transfer that there was to be no formal transfer of such stock on the books of the Duluth Music Company, except in case of failure of plaintiff to comply with the terms of his note. It was also further agreed that the certificates should be returned to the plaintiff upon the fulfilment of the terms of the note. Plaintiff became the president of the Duluth Music Company upon its organization, and continued to hold that position until 1897. He resided at Duluth, in the active management of its business, until the spring of 1895, when, at the request of the defendant W. J. Dyer & Bro., he went to Minneapolis, and assumed the presidency of another company in which W. J. Dyer & Bro. was interested, but continued to conduct the business of the Duluth Music Company by correspondence until 1897, at which time he ceased to hold the position of presi-

dent, and the books of the Duluth Music Company were removed to St. Paul by W. J. Dyer & Bro., where they have ever since been kept. It is further set forth that the business of the music company has been prosperous, and that W. J. Dyer and the W. J. Dyer & Bro. corporation have conspired together with the Duluth Music Company, who together own a majority of its stock, to prevent any declaration of dividends to the stockholders therein, and have never at any time made or declared any dividend, although the accumulations of the corporation in excess of its capital stock amount to over $70,000. And it is inferentially stated, at least, that such stock was issued to the defendants without consideration, and that the earnings of the thirty shares of stock in the Duluth Music Company, represented by the certificates held by plaintiff and hypothecated to W. J. Dyer & Bro., have been and are sufficient to pay his note of $3,000, with interest thereon, in full, and leave a large amount over and above the principal and interest to which plaintiff is entitled as a stockholder.

It is further set forth that, after the plaintiff severed his connection with the Duluth Music Company, he demanded of its officers and directors permission to inspect and examine its books of account and records, but that such company and its officers, conspiring together with defendants W. J. Dyer and W. J. Dyer & Bro. to defraud this plaintiff of his interest in his stock, refused and still refuse to permit or allow such an examination.

It is further set forth that the two defendants W. J. Dyer & Bro. and Dyer have conspired to avoid a distribution or division of the proceeds of the music company to its stockholders, to prevent the payment of the note of plaintiff, and deprive him of his rights in the stock of the music company; that a demand has been made for the return of the note and the certificates of stock held by plaintiff in the Duluth Music Company, but that such demand has not been complied with. It is further alleged that the defendants Dyer and W. J. Dyer & Bro., to defraud the plaintiff, have received and made upon the books of the company an apparent, but fraudulent, cancellation of the plaintiff's certificates of stock which had been pledged as collateral for the note of plaintiff, for the purpose of destroying evidence of the ownership of the stock by plaintiff, and have also refused to issue or deliver to plaintiff other certificates of stock in the music company, repre-

senting and evidencing the thirty shares which he now owns therein, without authority; that plaintiff is still the owner of such stock, and entitled to the advantages and rights of a stockholder in the corporation, which he is denied.

In the plaintiff's demand for relief, it is asked that the Duluth Music Company be restrained from canceling or transferring his stock therein; that this corporation be required to make an accounting of its business and affairs from October 1, 1889, to date; that the stock issued by it without consideration be canceled; that the company be compelled to declare a dividend of its earnings and undivided profits; that out of the same may be paid the amount due on his note, and the remainder be paid to plaintiff; that the W. J. Dyer & Bro. corporation be required to surrender up to plaintiff his note, and also to account to the plaintiff for any amount unpaid thereon, if it should so appear, with other relief.

The separate demurrer of each of the defendants is upon the following specific grounds: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) that several causes of action are improperly united; (3) upon the ground that there is a defect of parties plaintiff and defendant. The demurrers were respectively overruled.

There are many allegations in the complaint which are superfluous, consisting of unnecessary repetitions; but we have compressed what was regarded by the trial court as material, and all that is necessary and sufficient, in our judgment, for the proper determination of the questions required to be considered on this review.

While it is true that the courts cannot ordinarily compel a corporation to declare a dividend at the suit of a minority stockholder, yet it is not to be doubted that where dividends are withheld for an unlawful purpose—to deprive a particular stockholder of his rights—he may have the aid of equity for adequate protection. It appears in this complaint that the earnings and surplus of the company amounted to more than $70,000, upon an authorized capital of $50,000; that a portion of the capital stock has not been issued, and that the failure and refusal to declare a dividend is for the purpose of defrauding plaintiff; that the two defendants Dyer and W. J. Dyer & Bro. have conspired with the Duluth Music Company to prevent the payment of plaintiff's

note of $3,000, for which his own stock is pledged as collateral; that, with that purpose, the stock has been turned over to the music company, to be canceled upon the books of the company. Under such circumstances, it is too plain to admit of doubt, as held by the trial court, that these facts entitled plaintiff to some relief.

The alleged combination of all defendants not only to prevent dividends from being declared for an unlawful purpose, but to be applied on the payment of the note, would at least entitle the plaintiff to an accounting, and an application of such amounts as are found to be due him for his benefit. An accounting is peculiarly within the jurisdiction of a court of equity. The W. J. Dyer & Bro. Company, which held the note of plaintiff under an agreement to apply the dividends, was in duty bound, on his request, to furnish him the information which was withheld in violation of its trust; and it may be stated generally that, wherever there is a fiduciary relation between a trustee and his beneficiary, the right to have an accounting in equity is based upon the existence of the trust, and will be ordered to enforce the same, if wrongfully refused. Brown v. Maplewood Cemetery Assn., 85 Minn. 498, 89 N. W. 872. The purpose of the different defendants in carrying out their alleged conspiracy to cancel his stock also furnishes, if established, grounds for equitable relief.

We are satisfied that the general demurrer was properly overruled, even though it should appear that other causes of action had been involved in the main contention, for if, in respect to the first ground of demurrer, the facts stated entitled plaintiff to a portion of the relief sought, it was properly overruled.

With reference to the claim that causes of action have been improperly joined, it seems very clear that the main or primary transaction, the hypothecation of the note and the alleged manipulation of the stock to defeat plaintiff's rights, furnishes the main ground for relief. No separate causes are distinctively designated as such, and, if it does appear from the whole complaint that more than one cause is embraced therein, which we do not decide, they were not inconsistent, but were incidental and subsidiary to such primary cause of action; and it may be said generally that, where equity obtains jurisdiction, it will be retained and exercised to give full and adequate relief in all respects. This is elementary. What this may be can only be deter-

mined·upon a hearing, but we are clear that we are not authorized to hold that the jurisdiction invoked here can be deprived of full efficacy by holding that separate causes of action have been improperly joined.

The demurrer to the complaint on the ground that there is a defect of parties is itself substantially defective, since it does not specifically show wherein the alleged defect consists; naming the person or persons who should have been joined. This is absolutely essential. Davis v. Chouteau, 32 Minn. 548, 21 N. W. 748; Jaeger v. Sunde, 70 Minn. 356, 73 N. W. 171.

Order overruling demurrers is affirmed.