REUBEN B. DISBROW v. CREAMERY PACKAGE MANUFACTURING COMPANY and Another.[1]

March 27, 1908.

Nos. 15,416—(184).

**Demurrer for Defect of Parties.**
    A demurrer for defect of parties plaintiff is good when it specifies and correctly names the parties as necessary.

**Demurrer to Relief Asked.**
    No demurrer lies to relief prayed by a complaint, if the facts alleged show that plaintiff was entitled to any substantial relief.

[1] Reported in 115 N. W. 751.

104 M.—2

**Necessary Parties.**

Persons who not only have an interest in the controversy, but an interest of such a nature that the final decree cannot be made without either affecting that interest or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience, are "necessary parties."

**Joinder of Causes.**

An equitable cause of action may be united in the same complaint with a legal cause of action.

**Defect of Parties.**

If a defect of parties plaintiff or defendant appears on the face of a complaint, and no demurrer addressed to that defect be interposed, the objection is waived.

**Necessary Parties in Equitable Suit.**

In this case plaintiff, an inventor, together with certain "associates," were named as parties to, and joined in the execution of, certain contracts with defendants. On limited knowledge, plaintiff brought this action without joining his associates, alleging fraud, and asking in law damages and in equity reformation of the contracts by way of partial cancellation, the holding of the defendants as trustees ex maleficio, an accounting, and other relief. The defendant interposed a demurrer for insufficient parties plaintiff, because plaintiff's associates, named correctly and disjunctively, had not been made parties plaintiff to the action. It is *held* (1) that the demurrer was in proper form; (2) that the associates were necessary and proper parties to the equitable proceeding; and (3) the fact that the complaint stated a good cause of action in tort on behalf of the plaintiff when suing alone did not render erroneous the action of the trial court in sustaining the demurrer for lack of necessary parties to the equitable proceeding.

Action in the district court for Steele county for an accounting or to recover $350,000 damages, for the alleged conspiracy on the part of defendants whereby plaintiff was deprived of the profits otherwise accruing to him upon the sale of certain churns and creamery devices patented by him. From an order, Buckham, J., sustaining demurrers interposed by each of the defendants on the ground of a defect of parties plaintiff, plaintiff appealed. Affirmed.

*J. A. & A. W. Sawyer* and *Leach & Reigard,* for appellant.

*Cohen, Atwater & Shaw,* for respondent Creamery Package Manufacturing Co.

*W. A. Sperry,* for respondent Owatonna Manufacturing Co.

JAGGARD, J.

Plaintiff, the inventor of certain patented creamery devices, who was about to procure other patents, was engaged in the manufacture and sale of churns and the like with certain persons to be referred to herein as "his associates." A series of transactions with the defendant company and another company, which involved various assignments of the patents issued, the taking out of new patents in the name of a third person, the promise to pay royalties, and the creation of indebtedness, resulted in business complications which were solved by the execution of certain contracts. Plaintiff, his associates, and defendants were parties to these contracts and joined in their execution. Plaintiff subsequently came to know of certain facts in connection with the contracts, and what had been done under and concerning them, which he thought entitled him to substantial relief from the courts. He was, however, largely in the dark. His counsel quite frankly stated that in consequence he framed the complaint here tested so as to operate as "a blunderbuss." It stated the facts constituting plaintiff's causes of action as fully as they were known, so as to secure to plaintiff, the inventor, all the relief, consistent or inconsistent, he was possibly entitled to, either in law or in equity. More particularly, it alleged facts intended to show fraud, which, on the one hand, in law entitled the plaintiff to recover damages, in a large sum, and which, on the other hand, entitled plaintiff in equity to the reformation of the contracts by way of partial cancellation, at least, to holding defendants as trustees ex maleficio, and to an accounting. The prayer for relief accordingly sought the recovery of damages, partial rescission, responsibility of defendants as trustees ex maleficio, an accounting, and "other relief." Defendant interposed a demurrer, which, in its final form, was addressed only to the failure to make parties plaintiff "the associates" who were parties to and who signed the agreements. The propriety of the order of the trial court sustaining that demurrer is the question presented upon the appeal.

1. The preliminary question is whether the demurrer was in the proper form and was the proper means to raise this question. It directed plaintiff's attention to the precise objection made, and "gave plaintiffs a better writ," because it distinctly specified the ground of objection, viz., that all of the parties were necessary parties, and be-

cause it named the missing parties specifically and correctly. In other words, the demurrer especially pointed out what the defect was and who were the necessary parties plaintiff. Because of their interest under the contracts it was sufficient in form. Jaeger v. Sunde, 70 Minn. 356, 73 N. W. 171. Anderson v. W. J. Dyer & Bro., 94 Minn. 30, 101 N. W. 1061, properly construed is consistent with this conclusion. It was therefore quite proper, inasmuch as these "associates" had no part in the fraudulent acts complained of, that they be plaintiffs. See Crump v. Ingersoll, 44 Minn. 84, 46 N. W. 141. It did not appear, and will not be presumed, that they had refused to join as parties plaintiff, or that any reason existed for making them parties defendant.

2. Concerning the nature of the demurrer under the practice in this state, Gilfillan, C. J., said in Porter v. Fletcher, 25 Minn. 483, 495: "An objection is made that a demurrer for defect of parties will not lie, except it appears from the complaint that the original proper party to the cause of action not joined is still alive, so that he can be made a party, or, if dead, who succeeded to his interest or liability, as seems to have been required in a plea in abatement for want of proper parties at common law. If this were so, it would be difficult to conceive a well-drawn complaint upon which the question of want of proper parties could be raised by demurrer. The demurrer given by the statute is not a mere substitute for the plea in abatement. The former raises a question of law upon the facts stated in the complaint. The latter presented an issue of fact, and, as it was regarded as a dilatory plea, strict rules were applied to it, and it was required to state the facts so fully as to exclude the possibility of its having been improperly interposed. The demurrer presents the issue of law that upon the facts stated in the complaint, no other facts appearing, another party named should be joined as plaintiff or defendant. If, on those facts, standing alone, some other party should be joined, the complaint ought to have alleged other facts, showing that the interest or liability of such other party had ceased." Inasmuch as the facts showing the defect of parties plaintiff here appeared on the face of the complaint, the demurrer actually interposed was clearly the proper means for raising the question.

It is to be noted in this connection that in this state no demurrer

lies to the relief prayed by a complaint, if the facts alleged therein show that plaintiff is entitled to any substantial relief. Kenaston v. Lorig, 81 Minn. 454, 84 N. W. 323, collecting cases at page 458 of 81 Minn., and page 324 of 84 N. W.

The question whether the demurrer addressed to the improper joinder of causes of action would have here availed is not raised by the record.

3. The question, then, arises whether the parties named were necessary and proper parties to the equitable proceeding.

In Shields v. Barrow, 17 How. (U. S.) 130, 139, 15 L. Ed. 158, Curtis, J., points out three classes of parties to a bill in equity. "They are: (1) Formal parties. (2) Persons having an interest in the controversy, who ought to be made parties, in order that the court may act on that rule which requires it to decide on and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. These persons are commonly termed 'necessary parties'; but if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties. (3) Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience. A bill to rescind a contract affords an example of this kind; for, if only a part of those interested in the contract are before the court, a decree of rescission must either destroy the rights of those who are absent, or leave the contract in full force as respects them, while it is set aside, and the contracting parties restored to their former condition, as to the others. We do not say that no case can arise in which this may be done; but it must be a case in which the rights of those before the court are completely separable from the rights of those absent, otherwise the latter are indispensable parties." And see Barney v. Baltimore City, 6 Wall. (U. S.) 280, 18 L. Ed. 825; Minnesota v. Northern Securities Co., 184 U. S. 199, 236, 22 Sup. Ct. 308, 46 L. Ed. 499; Smith v. Brittenham, 109 Ill. 540; Shipman, Eq. Pl. §§ 18, 19, 20. The rule in this state accords. Crump v. Inger-

soll, 44 Minn. 84, 46 N. W. 141. And see Watson v. Chicago, M. & St. P. Ry. Co., 46 Minn. 321, 48 N. W. 1129. Cf. Sprague v. Wells, 47 Minn. 504, 50 N. W. 535.

The rights of the Disbrow associates as owners of legal interests under the contracts attached to the complaint, to whom promises were made, and from whom consideration passed, were shown to have been so intimately related with those of the plaintiff as not to be capable of being adequately separated from his rights. A detailed statement of the contract provisions necessitating this conclusion would merely incumber the record and serve no useful purpose. It is evident that they were "all in together."

4. The final and essential controversy involves certain assumptions for present purposes only, which, we understand, are agreed upon, viz., that, apart from the question as to the defect of parties, the complaint stated good causes of action in tort and in equity and was not demurrable for want of facts (see 8 Current Law, 1386) and that the parties to the cause of action in tort are proper and sufficient. The ultimate question on these assumptions is whether the fact that the parties named in the demurrer were not necessary parties to the action in tort was good reason why the demurrer should not be sustained because they were necessary and missing parties to the equitable proceeding; that is to say, in one aspect of this proceeding, in which it is viewed as an action in tort, plaintiff is entitled to some relief when suing alone, and in another aspect, in which equitable relief is sought, the trial court held that plaintiff was entitled to relief only by joining other parties. We are of opinion that under these circumstances the trial court properly sustained the demurrer.

The merit of common-law, as distinguished from code, pleading, was that it tended directly to produce single and definite issues. It wasted no time in so doing. The party complaining must originally have proceeded either in law or in equity—if in law, in contract or on the tort, and by means of a definitely recognized form; and if in equity, under a recognized head of equitable jurisprudence. The present complaint it would have promptly rejected or pruned. It will sometimes happen that when, under the code, one of these "omnibus" or "blunderbuss" complaints is sought to be utilized, substantially the same result is finally reached as at common law. It has proved impossible

to make the law of remedies independent of the law of substantive rights. Each had its origin in history. Each has incorporated that historical development. The alteration in the law of remedies by the code must necessarily have a limited effect, unless there was a corresponding change in the law of substantive rights. The code did not purport to alter the law substantive. In the absence of previous correction of such a pleading, there comes, moreover, a time under the practice in this state when the case must go on the court or the jury calendar. It cannot go on both at the same time. This necessitates a definite theory on plaintiff's part. If the case goes on the jury calendar, plaintiff may have a cause of action in tort or in contract. If the case goes on the court calendar, it is controlled by ordinary principles of equitable jurisprudence, in aid of which issues may, in proper cases, be framed and submitted to a jury, and tried in law. This practice is largely for convenience. It may happen that an equity case may get on the jury calendar, and that the court, who is at once a chancellor and a judge at law, may none the less, for example, reform a contract and submit damages for its breach as reformed to the jury. But in no tenable view is the primary distinction between legal and equitable causes of action and kinds of relief abolished, or rules of inconsistency destroyed. Plaintiff is, of course, bound by his own election. When his pleading is confused or inconsistent, and a motion has been made to place it on a particular calendar, he is equally bound by the proper construction of the trial court as to what cause or causes of action his pleading must be regarded as having set forth. Todd v. Bettingen, 102 Minn. 260, 113 N. W. 906.

This is entirely consistent with the more liberal view of code practice, viz.: "When the plaintiff is clothed with primary rights, both legal and equitable, growing out of the same cause of action on the same transaction and is entitled to an equitable remedy, and also to a further legal remedy, based upon the supposition that the equitable relief is granted, and he sets forth in his complaint or petition the facts which support each class of rights, and which show that he is entitled to each kind of remedy, and demands a judgment awarding both species of relief, the action will be sustained to its full extent in the form thus adopted. He may, on the trial, prove all the facts averred, and the court will, in its judgment, formally grant both the

equitable and the legal relief." Pomeroy, Rem. & Rem. Rights, p. 96, § 78. See Guernsey v. American Ins. Co., 17 Minn. 83 (104); Montgomery v. McEwen, 7 Minn. 276 (351).

When this case in due course will come to be placed upon the calendar, it must go on the jury cases or court cases. If plaintiff should then elect to put it on the jury cases—that is, to sue in tort—no prejudice would result from an overruling of the demurrer. If, however, he should elect to put it on the court calendar—that is, to proceed in equity—then, if no demurrer had been interposed and sustained, defendant would be unable to complain of the defect of parties plaintiff; for, if a defect of parties plaintiff or defendant appears upon the face of the complaint, the objection addressed to that point must be taken by demurrer, or it is waived. Section 4129, R. L. 1905. And see Mason v. St. Paul F. & M. Ins. Co., 82 Minn. 336, 85 N. W. 13, 83 Am. St. 433. The defect of parties here appeared on the face of the complaint. Defendants were therefore properly upheld in their "notice that they insisted upon a statutory right." If the trial court had not sustained the demurrer, "the statutory right to demur for lack of necessary parties ceases to be a shield and becomes a pitfall for the defendant."

On argument in this court we understood counsel for plaintiff to have expressed a willingness to elect to sue on a tort only. The place for making that election is in the trial court, and the time before appeal was taken, or after the remittitur herein has been handed down.

Affirmed.