THE STATE OF INDIANA *ex rel.* STONE V. HELMER.

1. **Judgment:** BASTARDY: LOCAL REGULATIONS. Statutes prescribing proceedings to enforce the support of bastard children by their fathers are merely local police regulations, and cannot be enforced beyond the jurisdiction of the State by which they are enacted; but where the local jurisdiction has attached, and the courts of the State have taken cognizance and rendered judgment for the penalty prescribed by such a statute, such judgment is entitled to full faith and credit in every other State.

2. —— JURISDICTION: IRREGULARITY. If the court which rendered the judgment had jurisdiction of the defendant and the subject-matter, an irregularity in the judgment which could be corrected by appeal, does not constitute a defense to an action thereon in the courts of another State.

*Appeal from Linn District Court.*

FRIDAY, DECEMBER 7.

ACTION on a judgment rendered by the Circuit Court of Greene county, in the State of Indiana; the plaintiff succeeded in the District Court, and the defendant appeals.

*Smith & Young* and *I. M. Preston & Son* for the appellant.

*Thomas Corbett* for the appellee.

COLE, J.—This action is brought upon a judgment of the Circuit Court of Greene county, in the State of Indiana, of which the following is a copy:

"THE STATE OF INDIANA EX REL.
     MARY A. STONE
        *v.*
"WILLIAMSON HELMER.        } *Bastardy.*

"Comes now the plaintiff, by Bernes & Hill, her attorneys; and it appearing from the transcript of the proceedings had before the justice below that said defendant had been arrested and made his escape from the officer

State of Indiana v. Helmer.

before the trial in said justice's court, and upon motion of plaintiff's attorney said defendant is thrice called, comes not, but makes default. It is therefore considered that the matters and things in the complaint herein be taken as confessed against said defendant; and this cause is set down for trial by the court without the intervention of a jury; and, the evidence being heard, the court finds that said defendant is the father of the child mentioned in the complaint herein, and that the relatrix herein is the mother of said child; that said defendant be charged with the education and maintenance of said bastard child. It is therefore ordered, adjudged and decreed by the court that the plaintiff recover of said defendant the sum of five hundred dollars, together with the costs herein laid out and expended, to be levied without regard to valuation laws. And it is further considered that when said sum of five hundred dollars shall be collected, that the same be paid unto this court for the benefit of said bastard child, to be paid out according to the order of this court. It is further considered that whenever the defendant shall come within the reach of process of this court, that the clerk issue a warrant for his arrest, and when arrested shall stand committed till the judgment and costs be paid or replevied. Record signed April 19, 1861.

"JAMES A. SCOTT, *Judge.*"

An exemplified copy of this judgment, duly authenticated, was all the evidence introduced on the trial of the action. The only questions properly raised, preserved and presented for our determination by the transcript, relate alone to the sufficiency of the evidence to sustain the judgment of the court.

I. It is claimed that the subject-matter of the action is one of merely local police regulation in the State of Indiana, under its laws; and that it is not competent for the courts of another State to undertake its enforcement.

1. JUDGMENT: bastardy: local regulation.

There is much of truth in the legal proposition upon which this claim rests; but the error is in its application. If the mother of the bastard child, begotten and born in the State of Indiana, had come to Iowa and sought by legal proceedings to compel the defendant, its father, to support it, and to give bond therefor, and otherwise comply with the requirements of the statutes of Indiana, the

answer of the defendant, that the subject-matter of such action was one of merely local police regulation of Indiana, not enforceable in this State, would have been conclusive, and amount to a complete defense. *Graham v. Monsugh*, 22 Vermont, 543.    Such an action can no more be sustained beyond the limits of the sovereignty within which it arose, than can an action for any other penalty provided by statute of such sovereignty for the wrongful act of a defendant therein.    Both are alike matters of local, internal police, and enforceable alone by the sovereignty making the regulation and providing the penalty.

But where the local jurisdiction has attached, and the courts of that State or sovereignty have properly taken cognizance of the matter, and rendered judgment for such penalty, such judgment is entitled to "full faith and credit" in every other State.    If the court rendering the judgment had jurisdiction of the subject-matter and the parties, it is sufficient to entitle the plaintiff therein to maintain an action thereon in another State.    And the courts of such other State will not inquire into the facts upon which it was based, nor whether the cause of action would have been enforced by them.    *Healy* v. *Root*, 11 Pick., 389 ; *Connecticut* v. *Bradish*, 14 Mass., 296.    It is sufficient that a court of competent jurisdiction has rendered the judgment; such judgment is entitled to the same faith and credit in every other State as in that wherein it was rendered. Const. of U. S., art. 4, § 1.

II. It is further claimed that the judgment is absolutely void, for that it does not conform to the statutes of Indiana applicable to such cases in force at the time of its rendition.

2. —— jurisdic-
tion : irregu-
larity.

The law of Indiana regulating prosecutions in cases of bastardy, after providing for the filing of the complaint before a justice of the peace and for the trial, bail, judg-

ment, etc., before the justice, further provides : " Section 9. If the defendant shall not have been arrested, or has escaped after arrest, such trial shall proceed in his absence, and if he be adjudged the father of such child the justice shall transmit the papers and a transcript of' such judgment without delay to the clerk of the Circuit Court of the proper county, who shall file-and docket the same for trial, and such cause shall be heard and determined by such court in the same manner as if such defendant were present." Sections 10, 11, 12, 13 and 14 provide for the lien of such transcript ; the substitution of a party in case of the death of the mother ; for warrant for arrest of defendant ; for a traverse by the defendant, and for a jury trial and judgment in such case. " Section 15. Such court shall, on such verdict and judgment, make such order as may seem just for the securing such maintenance and education to such child by the annual payment to such mother, or if she be dead or an improper person to receive the same, to such other person as the court may direct, of such sums of money as may be adjudged proper, and shall render judgment for the same, specifying the terms of payment, and shall require of such defendant, if he be in custody, to replevy such judgment by good freehold surety ; or, in default thereof, shall commit such defendant to jail until such security be given."

It is very apparent, from this statute (properly before us) and the judgment record, that the court had jurisdiction of both the subject-matter and the person of the defendant. And although it may be true that the judgment was so irregular as that on appeal it would have been reversed, yet such irregularity would not avoid the judgment, nor could it be made available in any collateral attack upon it.

The judgment is in direct terms for the recovery of the sum of five hundred dollars ; and, if it be true, as claimed,

that a judgment strictly according to the statute could only be enforced by *scire facias* for the benefit of the person who had incurred the expense of maintenance of the child, yet such fact cannot control this judgment, which is absolute in its terms and must be enforced accordingly.

III. The petition claimed in this case thirty-three dollars and forty cents for the cost incurred in the recovery of the judgment sued on, and it also contained averments sustaining such claim. But it appears from the bill of exceptions that the judgment record set out *supra* was all the evidence introduced on the trial of the cause. The judgment record does not show the amount of such costs, and, as there is a denial of the averment of the petition, the plaintiff could not recover such costs without proof of the amount. There was no such proof by sufficient and competent evidence, the certificate of the clerk being the only evidence, and to the extent of the costs the judgment is erroneous.

The excess may, at plaintiff's option, be *remitted*, or the judgment will be at appellee's costs.

Reversed.