Weirich vs. Dodge and others.

WEIRICH, Respondent, vs. DODGE and others, Appellants.

*December 21, 1898 — January 10, 1899.*

*Partnership: Fraud: Conveyances: Uses and trusts: Pleading: Demurrer.*

1. In an action to set aside deeds and bills of sale, the complaint — alleging, among other things, that the plaintiff and three of the defendants were copartners in business, and as such were the owners of certain real and personal property, the plaintiff being the owner of an undivided one-fourth part thereof; that he, being about to be absent, at the request of his partners, and with the intention that it should be for the convenience of the partnership business, gave a deed and bill of sale of his interest in the partnership property, without consideration, to a son of one of his partners, and afterwards, upon like request, gave such grantee a power of attorney to adjust an alleged mistake in his account with the firm; that such requests were made pursuant to a conspiracy by defendants to defraud plaintiff out of his property; that the conveyances and power of attorney were procured through false and fraudulent representations by the defendants; that in pursuance of the conspiracy, the defendant partners falsely claimed that plaintiff was indebted to the firm in a large sum, and plaintiff's grantee and attorney, knowing such claim to be fraudulent, admitted such indebtedness, and, although plaintiff had in the meantime revoked the power of attorney, conveyed all of plaintiff's interest in the partnership property to the other partners without consideration and for the sole purpose of defrauding plaintiff of his rights and property — is *held* to state a cause of action.

2. The statutes of uses and trusts (secs. 2071–2077, R. S. 1878) have no application to the facts so alleged.

3. The action in such case is not between partners as such, but to restore to plaintiff the legal title to his share of the partnership property, leaving partnership matters to be adjusted by the parties or an appropriate action.

4. A demurrer to a complaint on the ground that the plaintiff has not legal capacity to sue implies a legal disability and does not go to the cause of action.

APPEAL from an order of the circuit court for Green county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

*A. S. Douglas* and *J. L. Sherron,* for the appellants.

For the respondent there was a brief by *Colin W. Wright*

and *Fethers, Jeffris & Mouat*, and oral argument by *M. G. Jeffris*.

CASSODAY, C. J.   This is an appeal from an order overruling a demurrer to a complaint in an action commenced July 14, 1897, to set aside a deed and bill of sale of the plaintiff to the defendant *Charles S. Dodge*, and a deed and bill of sale from *Charles S. Dodge* and wife to the defendants *A. C. Dodge, George Churchill*, and *William Fish*, and requiring them to reconvey such property to the plaintiff.

The complaint alleges, in effect, that *A. C. Dodge, George Churchill, William Fish*, and *Charles S. Dodge* are residents of Monroe, and have been at all times therein mentioned; that *A. C. Dodge, George Churchill, William Fish*, and this plaintiff were, April 7, 1897, and for a long time prior thereto had been, and still are, copartners in business under the firm name and style of "The Monroe Planing Mill Company;" that as such copartners they owned on that day certain real estate in Monroe, therein described; that such real estate had thereon a mill building and other buildings with machinery therein, used by the firm and operated as a planing and wood-working mill; that the firm also owned certain logs, lumber, building materials, tools, and machinery, and accounts, claims, and demands against various persons indebted to them; that the real estate was of the value of $12,000, and the personal property and accounts of the value of $17,000; that the plaintiff was, as such partner, the owner of an undivided one-fourth part of such real and personal property and accounts; that April 7, 1897, the plaintiff, being about to be absent from Monroe and unable to give his personal attention to such business, at the request of *A. C. Dodge, George Churchill*, and *William Fish*, and with the intention of the plaintiff that the same should be for the convenience of the partnership business, made, executed, and delivered to the defendant *Charles S. Dodge*, a son of *A. C. Dodge*, a deed of his interest in the real estate and a bill

of sale of his interest in the personal property; that such conveyances were made without any consideration, and were taken by *Charles S. Dodge* with full knowledge and in accordance with such understanding; that May 22, 1897, *A. C. Dodge, George Churchill*, and *William Fish*, claiming that there was an error in the personal account of the plaintiff of about $90, requested the plaintiff to constitute *Charles S. Dodge* his agent and attorney to adjust such claim; that the plaintiff, in pursuance of such request, and at the request of *Charles S. Dodge*, on or about May 28, 1897, made, executed, and delivered to *Charles S. Dodge* a power of attorney authorizing him to adjust and settle the claim against him, and to pay the same out of moneys or credits in his hands.

The complaint further alleges that such requests to deed and convey his property to *Charles S. Dodge* were made pursuant to a conspiracy entered into, among the male defendants, for the purpose of defrauding the plaintiff out of his property; that the deed and bill of sale were procured from the plaintiff through the false and fraudulent representations of the defendants, and with the false and fraudulent design on their part to procure the same to be made over to them without any consideration being paid therefor; that the power of attorney was procured from the plaintiff by the defendants pursuant to such representations and conspiracy among them, and through the false and fraudulent representations made with respect thereto, and with the intent to defraud the plaintiff; that thereafter *A. C. Dodge, George Churchill, William Fish*, and *Charles S. Dodge* fraudulently and wrongfully connived and confederated together for the purpose of defrauding the plaintiff out of his interests in the copartnership and in the lands and property belonging thereto; that in pursuance thereof *A. C. Dodge, George Churchill*, and *William Fish* made a false, fraudulent, and dishonest claim against the plaintiff as to the indebtedness of the plaintiff to the copartnership, and falsely and

fraudulently, and with the intention of cheating and defraud-ing the plaintiff out of his property, alleged and claimed that the plaintiff was indebted to the copartnership in the sum of $4,000; that *Charles S. Dodge*, in pursuance of such con-spiracy to defraud the plaintiff out of his property, admitted that the plaintiff was indebted to the copartnership in the sum of $4,000, notwithstanding such claim was false and fraudulent, as he then and there well knew.

The complaint then alleges that on July 7, 1897, the plaint-iff, learning of the attempt and conspiracy to defraud him out of his property, revoked and canceled the power of at-torney so given to *Charles S. Dodge*, and revoked and can-celed every right and authority theretofore given or granted to him, and July 7, 1897, notified *Charles S. Dodge* and *A. C. Dodge, George Churchill*, and *William Fish* by telegraph of such revocation and cancellation; that July 8, 1897, at 10:30 a. m., the plaintiff caused to be served, personally, upon *Charles S. Dodge* a true copy of such written revocation; that thereafter, and during the afternoon of July 8, 1897, *Charles S. Dodge* and wife, without authority and with the fraudulent and wrongful intent of defrauding the plaintiff out of his property, pursuant to the conspiracy, made, exe-cuted, and delivered to *A. C. Dodge, George Churchill*, and *William Fish* a warranty deed of the real estate, and did, at the same time and with the same intent, execute and deliver to them a bill of sale of the personal property; that the con-veyances were made without any consideration, and in viola-tion of the agreements made by *Charles S. Dodge;* that the deed and bill of sale were taken and received by *A. C. Dodge, George Churchill*, and *William Fish* with full knowledge that the power of attorney and all right of *Charles S. Dodge* to act for the plaintiff had been revoked and canceled, and with full knowledge that the property belonged to the plaintiff instead of *Charles S. Dodge*, and with the sole pur-pose and intent of cheating and defrauding the plaintiff out

of his lawful rights and property, and without paying any consideration therefor; that *A. C. Dodge, George Churchill, William Fish,* and *Charles S. Dodge* have refused to cancel the deeds or convey back the property to the plaintiff, or pay the plaintiff therefor; that the wives of the four male defendants named, respectively, are made defendants by reason of their inchoate right of dower in such real estate.

1. After carefully considering the several allegations of the complaint, which, for the purposes of this case, we must, of course, assume to be true, we are constrained to hold that the complaint states a cause of action.   It is loosely drawn, and some of the allegations of conspiracy and false and fraudulent representations are distant from some of the allegations of fact which they were intended to characterize and do characterize.   Nevertheless, taking them all together, they seem to be sufficient.   The theory of the complaint seems to be to the effect that, at a time when the plaintiff expected to be absent for some time, his three partners, named, conspired with *Charles S. Dodge,* the son of one of them, to induce the plaintiff, and did induce the plaintiff, to convey and transfer his undivided one-fourth interest in the partnership property, exceeding $7,000 in value, to *Charles S. Dodge,* on the assumption that such conveyance and transfer would be for the convenience and advantage of the firm; that, in pursuance of such conspiracy, such partners falsely pretended that there was an error of $90 in the plaintiff's personal account with the firm, and the plaintiff was thereby induced to give to *Charles S. Dodge* a power of attorney to settle, compromise, and adjust any and all valid legal claims which then existed or might exist against the plaintiff and in favor of his three partners or either of them; that such three partners then, and in the absence of the plaintiff, made a false, fraudulent, and dishonest claim of $4,000 against the plaintiff and in favor of the firm, with the intention of cheating and defrauding the plaintiff out of his property,

and that, in pursuance of such conspiracy to defraud the plaintiff, *Charles S. Dodge,* under such power of attorney, and well knowing that such claim was false and fraudulent, admitted that the plaintiff was indebted to the firm in the sum of $4,000; and that, after the plaintiff had revoked and canceled such power of attorney, *Charles S. Dodge* and wife, without authority, and with the intent of defrauding the plaintiff out of his property, and pursuant to such conspiracy, conveyed and transferred all of such property to the plaintiff's three partners. The statutes of uses and trusts, relied upon by counsel for the defendants, do not, in our judgment, have any application to the facts so alleged in the complaint. R. S. 1878, secs. 2071–2077. We must hold that the complaint states a good cause of action. *Murray v. McGarigle,* 69 Wis. 483; *Davis v. Davis,* 60 Miss. 615; *Traphagen v. Burt,* 67 N. Y. 30.

2. The second ground of demurrer is that it appears from the complaint that the plaintiff has not legal capacity to sue. This implies a legal disability to sue, and does not go to the cause of action. R. S. 1878, sec. 2649; *Murray v. McGarigle,* 69 Wis. 483, 490. The action is not between partners as such, but to restore to the plaintiff the legal title to his share of the partnership property as it was before he parted with the same. It leaves the partnership matters to be adjusted by the parties or an appropriate suit for that purpose.

*By the Court.*— The order of the circuit court is affirmed.

BARDEEN, J., took no part.