(173 App. Div. 878)

### NEWGENT et al. v. ALSBERG.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. JUDGMENT ⚙⇒622(2)—MATTERS CONCLUDED.

A judgment in an equity suit to dissolve the partnership and for an accounting is not a conclusive adjudication, precluding one of the partners from thereafter suing for damages for misrepresentations inducing him to enter into the partnership; it being doubtful whether such cause of action could be set up as a counterclaim in the equity suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1136; Dec. Dig. ⚙⇒622(2).]

2. JUDGMENT ⚙⇒622(2)—MATTERS CONCLUDED—COUNTERCLAIM.

In such case the failure of plaintiff to assert by way of counterclaim his cause of action for damages will not preclude subsequent assertion, for plaintiff was under no obligation to file the same in an action which he did not control, and where he was not attacking the validity of the partnership agreement.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1136; Dec. Dig. ⚙⇒622(2).]

Appeal from Special Term, New York County.

Action by George M. Newgent and another against Irving Alsberg. From a judgment dismissing the complaint, and an order granting defendant's motion for judgment on the pleadings, bringing up for review an interlocutory judgment overruling the demurrer to separate defenses, plaintiffs appeal. Judgments and orders reversed, and demurrer sustained.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, DOWLING, and DAVIS, JJ.

George H. D. Foster, of New York City, for appellants.
Isaac N. Jacobson, of New York City, for respondent.

SCOTT, J. This is an action at law to recover damages because the plaintiffs, as they allege, were induced by false and fraudulent representations on the part of defendant to enter into a copartnership with him, whereby, as they say, they suffered considerable loss. The separate defenses involved in this appeal set up as a plea in bar a judgment in an action in equity heretofore brought by plaintiff against defendant for a dissolution of the copartnership and an accounting. That action proceeded to judgment, a dissolution was ordered, and the plaintiffs were found liable to defendant for several thousand dollars each.

[1] The contention of defendant now is that the matters here alleged in this complaint, to wit, the fraudulent representations by which plaintiffs were induced to enter into the copartnership, were necessarily involved in the former action, and that the judgment in that

---

⚙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

action is a bar to this action. We do not think that this is tenable. In the first place, it is doubtful whether this cause of action for damages for false representation could have been set up as a counterclaim in the action for an accounting upon the copartnership agreement. The plaintiffs do not undertake to repudiate that agreement. They do not attack it as having been invalid; but they affirm it, and say that they were led to enter into it in consequence of false representations which entitle them to damages.

[2] But, even if the matter as pleaded in this action might have been interposed as a counterclaim in the prior action, the plaintiffs were not under any obligation to so interpose it, but were entitled to reserve it to be sued upon as a separate cause of action. This has been held in many cases. Brown v. Gallaudet, 80 N. Y. 413; Honsinger v. Carriage Co., 175 N. Y. 229, 67 N. E. 436; Meyerhoffer v. Baker, 121 App. Div. 797, 106 N. Y. Supp. 718. The cause of action for dissolution of the partnership was not so tied up with the action for damages for being led into the agreement as to impose any obligation upon those plaintiffs to interpose the present cause of action as a defense in that action. They had the right to reserve it, and to bring it on in an action which they themselves could control, and not in one which the present defendant could control and direct as plaintiff. Furthermore, this cause of action is one at law, and the former action was one in equity. If these plaintiffs were seeking to set aside the copartnership and to recover upon the ground that it was void from the beginning, and to recover something that they had contributed or paid under it, I think the former adjudication would probably have been a bar to this action, because it would be inconsistent with the cause of action set forth in that action; but we have no such state of affairs here. The plaintiffs are not attacking the copartnership agreement as void, but they admit it is valid. The damages are not for having been led into an invalid and void agreement, but for having been wrongfully led into a valid and good one.

The judgments and order appealed from must be reversed, with costs and disbursements to appellant, and the demurrer sustained. Order filed. All concur.