ED OSWALT, Appellee, v. C. H. CRONK, Appellant.

**JUDGMENT: Conclusiveness—Issues Without Claim For Damages.** A
1 defendant who, in an equitable action to dissolve a partnership and to declare an accounting, tenders, *without any allegation of damage,* the issue that the plaintiff is fraudulently attempting to bring about a premature dissolution, and who subsequently consents to a decree prematurely dissolving the partnership, may not thereafter, in an independent action at law, *tender the same issue* as a basis for damages.

**JUDGMENT:    Conclusiveness—Issue Concluded Though Not Presented.**
2    A litigant who, during the pendency of an equitable action for a
     partnership accounting, stipulates for a sale of the partnership as-
     sets, and at the time of the sale knows that the other partner is
     fraudulently failing to comply with the terms of the stipulation, and
     is thereby intentionally depressing the value of the property, and who
     fails to present such fraudulent conduct ·to the court, with appropriate
     prayer for relief, *before the final decree of accounting is entered*,
     may not thereafter maintain an independent action at law for damages
     consequent upon said fraudulent conduct.

**JUDGMENT:    Conclusiveness—Withholding Independent Counterclaim.**
3    A partner who has executed his promissory note to his copartner for
     a one-half interest in the partnership may allow proceedings for the
     dissolution and final settling of the accounts between the partners
     to go to final decree, and thereafter maintain an action at law against
     his former copartner for the latter's fraud in inducing the execution
     of said note in an incorrect amount.

**PARTNERSHIP:    Actions Between Partners—Conversion.    Principle**
4    recognized that one partner may maintain an action at law against a
     copartner for fraudulent conversion of partnership property.

*Appeal from Davis District Court.*—D. M. ANDERSON, Judge.

OCTOBER 17, 1922. .

REHEARING DENIED FEBRUARY 13, 1923.

ACTION at law, to recover damages for fraud and misrepre-
sentation. The facts appear in the opinion. Plaintiff recovered
verdict on each count of the petition, and defendant appeals.—
*Affirmed in part; reversed in part.*

*Roberts & Webber,* for appellant. ·

*Payne & Goodman,* for appellee.

FAVILLE, J.—The appellant is the owner of a farm of about
200 acres in Davis County, Iowa, upon which, in April, 1918, he
had a considerable amount of stock, farm implements, etc. On
or about the 1st of April, 1918, the appellant and appellee en-
tered into a written contract, by which the appellee agreed to

buy a one-half interest in the stock and personal property on appellant's farm, and said agreement provided that the appellee should enter upon said farm and conduct and manage the same for a period of five years from March 1, 1918. The contract provided that the proceeds of the said farm and the stock thereon should be divided equally between said parties. The appellee, being unable to pay cash for his one-half interest in the stock and personal property on the farm, after the same was invoiced, gave to the appellant his note for $3,294.70 for the purchase price of the same. The appellee went into possession of said farm on or about the 2d day of April, 1918, and proceeded to conduct the same under the said contract.

In October, 1919, the appellant herein brought an action in equity in the district court of Davis County, against the appellee. In said action, the appellant set up the written contract and partnership agreement previously referred to, and alleged that the appellee herein had taken possession of said premises, and that he had violated the terms and conditions of said contract between the parties, in that he disposed of certain of said property without the consent of the appellant; that he had failed to keep up the fences and look after the stock and properly feed the same; that the property was being grossly neglected and was greatly depreciating in value; that some of the stock was practically starving to death; and that it was absolutely necessary that someone be placed in charge of the same immediately. The appellant alleged also in said petition that the appellee had expressed a determination not to continue under said contract, but to abandon the same, and had refused to consent to a sale of the property, or to feed certain of the stock and prepare them for market. Said petition also alleged that the appellee herein was insolvent, and had neglected and refused to carry out the contract, and that, in order to protect the property and close up the partnership matters, it was necessary that a receiver be appointed to take immediate charge of the personal property on said farm. The appellant, as plaintiff, prayed that the partnership be wound up; that he have judgment for the amount due on the note for the purchase price of one half of the property; that a restraining order be issued, restraining the appellee herein from interfering in the care of

said stock; and that a receiver be appointed, to take charge and control of the same; and for general equitable relief.

The appellee herein appeared and filed an answer to the petition in said equity cause, and admitted the contract between the parties; admitted his possession of the farm, his liability on the note for one half the purchase price of the personal property; denied that he had violated the terms of the written contract; denied that he had sold or destroyed the property or neglected the same; denied that there was any ground for the appointment of a receiver; denied that the appellant had furnished to the appellee all of the property that was agreed to be furnished under the written contract; and denied that he had been guilty of any of the acts or conduct with reference to the partnership matter that in any way authorized a dissolution of the partnership, which was formed to extend for the period of five years.  He also alleged that he had permitted the appellant herein to dictate the management of the farm and of the stock and the feed thereof and the times of sale, and that appellant had undertaken, by his conduct, to create strife and dissension between the parties, for the purpose of gaining an advantage with reference to the assets of the partnership, and for the purpose of terminating the same at a time and in a manner advantageous to himself.  The appellee prayed that the appointment of a receiver be denied; that the injunction be dissolved; and that the appellant's petition be dismissed.

With the issues so tendered in said equity case, the parties entered into a stipulation of settlement in writing, whereby it was agreed between the parties that the property should be sold at a public sale; that the temporary receiver should continue to act as such until such sale; and that the appellant herein should have possession of the premises, except the house, which was to be retained by the appellee until the adjustment of the accounts between the parties.  The stipulation provided that the appellant was to furnish, so far as known, the identity of the animals and the pedigree of such animals as were pedigreed at the time they were invoiced to the partnership, and that the appellee should furnish, so far as he knew, information or certificates as to the offspring of said animals prior to the date of the sale.

Subsequently, in January, 1920, said cause came on for

hearing, and a decree was entered by the court. The decree recites the fact that the parties had entered into a stipulation of settlement, and that in pursuance thereof the property had been sold at public sale; that objections had been made to one item of $140.65; and that the court, in consideration of the evidence, reduced the same in the amount of $100, and settled the account between the parties, finding that there was a net balance due to appellant from the appellee of $4,056.23. The decree adjudged that the partnership be dissolved; that the costs in the case be paid out of the proceeds of said sale and the net proceeds equally divided; and that possession of the property be surrendered prior to January 7, 1920.

The parties fully performed the terms and conditions of said decree, and thereafter, in September, 1920, the appellee commenced this action at law. His petition is in four counts. In Count 1 he alleges the making of the written contract of partnership heretofore referred to, and alleges that the appellant herein had refused to co-operate in said partnership enterprise, and had brought on strife and dissension, and had instituted said injunction suit and action for dissolution of said partnership for the purpose of forcing a dissolution thereof; that because of said act, the appellee was forced to vacate said farm and give the appellant possession thereof; and that, by reason of the termination of said contract, the appellee had suffered loss of the use of said farm for 3½ years of said original term. He prayed damages therefor in the sum of $3,500.

In Count 2 of his petition, appellee alleges that, for the purpose of defrauding the appellee, the appellant had stated to him, as an inducement to enter into said contract, that all of the stock on said farm was registered, and that the offspring of said stock could and would be registered; and that the appellant, at said time, intended to induce the appellee to contract with him and raise a large quantity of stock to a salable age and then to refuse to register them, but to put them up at a forced sale without registration, and buy them in at a much less price than their regular value, and to thereafter register them; and that the appellant had done said things frequently, and had willfully refused to register said animals; and that by reason thereof the appellee had been damaged in the sum of $3,562.50.

In Count 3 of his petition, the appellee alleges that, in order to induce the appellee to enter into said partnership contract, the appellant had represented to him that he would sell a half interest in the stock and property on said premises at a price that the appellant had previously paid for the same; that the appellant had orally represented to the appellee that he had paid for said property certain specified amounts; that said representations were false, and that the appellant had not paid for said property the amounts so stated; and that, by reason thereof, the appellee was defrauded out of the sum of $665.33.

In Count 4 of his petition, the appellee alleges that the appellant had falsely and fraudulently represented to him that he had taken five loads of oats from a certain bin, when, in fact, he had taken six loads; and that the appellant had thereby appropriated to his own use oats to the value of $16.20.

To said petition, the appellant filed his answer, admitting the allegations with regard to the formation of the partnership, and that he brought the injunction suit to dissolve said partnership. All of the other allegations of said petition were denied, and the appellant pleaded the former action in equity, heretofore referred to, as a full and complete adjudication of all the matters involved in this action.

Under the issues so joined, the cause was tried to a jury, which returned a verdict for the appellee upon each count of said petition.

I.    The first question for our consideration is whether or not the appellant's plea of a former adjudication should have been sustained as to any of the counts of this petition.

In *Fulliam v. Drake,* 105 Iowa 615, we said:

1. JUDGMENT: conclusiveness: issues without claim for damages.

"The general rule, subject to some exceptions, is that a judgment is conclusive, not only as to all matters actually in issue, but as to those which might or should have been alleged in the pleadings."

See, also, *Donahue v. McCosh,* 81 Iowa 296; *Hanson & Myer v. Manley,* 72 Iowa 48; *Foster v. Hinson,* 76 Iowa 714; *Keokuk Gaslight & Coke Co. v. City of Keokuk,* 80 Iowa 137.

Applying this general rule to the facts in the instant case, we are confronted with this question: Is the decree entered in the equity case, dissolving the partnership contract and pro-

viding for an accounting of the partnership matter, conclusive as to the matters now presented by the pleadings in this action at law?

Taking up Count 1 of the appellee's petition, we find that appellee is seeking to recover damages which he claims to have suffered by reason of the alleged fraudulent act on the part of the appellant in securing a dissolution of the partnership contract that had been entered into between the parties. The specific damages which he seeks to recover are for the value to him of the unexpired term of the partnership contract. Reverting to the issues tendered in the equity case, in which the appellant sought a dissolution of the partnership contract, we find that the appellee at that time alleged in his answer "that this plaintiff [appellant] has undertaken, by his proceedings and conduct, to create strife and dissension in said partnership matter, for the purpose of terminating the partnership contract at a time and manner advantageous to himself; that the partnership differences, if any have occurred, have been brought about by the plaintiff; that they are frivolous and of little consequence, and are not material, neither do they interfere with the partnership enterprise or threaten the prosperity of said concern; that they are a part of the purpose and plan of the plaintiff to cause said partnership business to be wound up before the expiration of the term."

By this pleading, in said answer, the appellee tendered the issue that the appellant, by said action, was seeking to wind up the partnership affairs, with a plan and purpose on his part to cause the partnership business to be wound up before the expiration of the contract term. He tendered the precise question that the appellant was seeking, by said action and by his conduct, to terminate the said partnership contract before its expiration date. True, he did not seek, by counterclaim or cross-petition, to recover damages by reason of the winding up of said partnership at said time; but the very matter which is made the basis of his claim to a right to recover damages, to wit, the alleged fraudulent acts of the appellant in seeking to secure a premature termination of the contract, was within the issues tendered by him. A stipulation was afterward entered into between the parties, providing for the termination of the contract, and, with

the consent of the appellee, a decree of court was entered, terminating the contract of partnership on a fixed day. While the appellee did not specifically seek to recover damages by reason of the alleged unlawful termination of the contract prematurely, he did tender the issue in the equity proceedings that said action was brought for said purpose, and then consented by stipulation to a decree terminating the partnership contract. Upon this state of the record, the appellee could not thereafter maintain an action at law against the appellant for damages alleged to have resulted to him by reason of the termination of the contract, predicated upon the identical matters and things which he alleged in his answer the appellant was doing, to bring about such termination. The claim of the appellee that the appellant was seeking by improper means to effectuate a premature termination of the contract of partnership was within the issues tendered in the equity case, and, by the stipulation to which the appellee was a party, that issue was decided adversely to appellee's contention, by the decree terminating the contract. It is true that, in the trial of the instant case, the appellee offered evidence to the effect that he was advised that it would be better for him to have the partnership terminated than to engage in litigation in regard to the matter, and that, because of the apparent differences between the parties, the court would be likely to dissolve the partnership; but this does not obviate the fact that, in the equity suit, the appellee contended that said action had been brought for that purpose, and that the conduct of the appellant had been such as to endeavor, by said suit, to procure a premature termination of the contract.

We regard the matters pleaded in Count 1 of appellee's petition as fully adjudicated by the former suit, and this count should have been withdrawn from the consideration of the jury.

II. In Count 2 of his petition, the appellee alleges that, in order to induce him to enter into said contract, and for the purpose of defrauding him, the appellant represented to the appellee that the stock on the farm which he proposed to rent was registered stock, and that their offspring could and would be registered by him, and that, by said registration, the value of said stock would be greatly increased. He alleges that, when

2. JUDGMENT:
   conclusiveness:
   issue concluded
   though not
   presented.

the stock had been raised and the sale thereof was planned and advertised to take place, the appellant willfully refused to register any of said animals or to point out the animals that were registered; that, by reason of his refusal so to do, the stock sold for less than it would have otherwise; and that appellee was damaged thereby.

The stipulation entered into between the parties in the equity case provided that the property belonging to the partnership should be sold at public sale on the farm in question on November 5, 1919, and it specifically provided that the appellant was to furnish the identity to the animals subject to pedigree that were originally on the place, and that the appellee should furnish the identity as to the offspring, prior to the date of the sale. It appears that the sale was had thereafter, and that final decree was entered in said cause on the 2d day of January, 1921. The decree refers to the agreement of settlement between the parties and the provision for the sale of the property and closing up of the partnership relations. It recites that the property had been sold, and that the proceeds were in the hands of the cashier of the bank. It also recites that the appellee had made objection to one item which the court passed upon and reduced to the amount of $100.

As we understand the record, by this count of the petition the appellee claimed that appellant intended, before the contract was entered into, to refuse to furnish the necessary information for the registration of said animals, and to procure a sale of the same without registration, and by said acts to fraudulently cause said animals to be sold for much less than they were otherwise worth. The real gist of the allegations of this count are that the appellant conceived the fraudulent scheme of refusing to furnish the information to permit the stock to be registered, and that he consummated and carried the same out after the stipulation of settlement had been entered into, and at the time that the sale was made under said settlement.

There was no issue tendered by the appellee, in the equity case, charging the alleged misconduct of the appellant in regard to the refusal to furnish the information in respect to registration, because the alleged acts had not been consummated and could not be consummated until the said sale was had. The

question at this point is whether, after the sale had taken place, and before the final hearing and accounting, it was incumbent upon the appellee to amend his answer or to file objections to the accounting and present this matter to the court before final decree was entered.

The alleged fraudulent acts of which complaint is made in this count were fully consummated and known to the appellee before the final decree was entered in the equity case. True, he did not know them at the time of the signing of the stipulation, but he did know, after the sale and before the hearing was had in court and the decree entered, that the appellant had failed and refused to comply with the terms of the stipulation, and, as the appellee claims, had done so fraudulently. While it was not strictly within the issues therein made up, it was a matter directly growing out of the partnership transaction, and one which might and should have been pleaded before the hearing on the accounting and settlement of the partnership affairs was had. We are of the opinion that it was incumbent upon the appellee to present this question concerning the partnership affairs before the final hearing and decree, and that, upon his failure so to do, he is now precluded from retrying this issue in an independent action at law. The decree was conclusive, "not only as to every question actually in issue and decided, but every question within the issues which might have been presented and decided." *Beh v. Bay*, 127 Iowa 246.

The court erred in submitting to the jury Count 2 of the appellee's petition.

III. In the third count of his petition, the appellee claims that, prior to the execution of the written contract between the parties, the appellant represented to the appellee that he had purchased certain of the property on the farm, at what is referred to as the "Cronk-Wing sale," and that he exhibited a list of said property to the appellee, and represented that the amounts shown thereon were the amounts which he (appellant) had paid for said property, and that, relying on said representations, the appellee purchased said property at the values so represented by the appellant as having been paid by him for said property. It is alleged that the said representations so

3. JUDGMENT:
   conclusiveness:
   withholding in-
   dependent
   counterclaim.

made at said time were false, and that the values as represented to the appellee were not the values which the appellant had, in fact, paid for said property; and appellee seeks to recover the difference between the amount so paid by him for said property and the actual amount previously paid therefor by the appellant at said sale. The appellee gave his note to the appellant for one half of the purchase price of said property, based upon the representations made to him by the appellant, and the amount of said note, together with interest, was charged to the appellee in the settlement of the partnership matter.

At the time that the appellant and appellee entered into the original partnership agreement, the appellee agreed to purchase certain specific property from the appellant. It was orally agreed between the parties, before the partnership was in fact formed, that the appellee should pay the appellant for said property a price which the appellant represented to the appellee that he had paid for the same at the "Cronk-Wing sale." Relying upon the representations so made by the appellant to the appellee at said time with regard to the amount which he (appellant) represented and claimed to the appellee he had'paid for the said property, the appellee gave his note to appellant for the undivided one-half interest therein at the stated price. This note was one of the items involved in the partnership accounting, and judgment was entered therein in favor of the appellant and against the appellee for the full amount due on said note. It is appellee's contention in the third count of his petition in this case that the representations made by the appellant at said time in regard to the amount appellant had paid for said property were false and untrue. Appellee alleges that he relied upon said representations, and believed the same to be true when he executed and delivered to the appellant the said note. Appellee alleges that he did not discover, until after the hearing in the equity case, and until after the partnership matter had been fully closed and the decree of dissolution entered into between the parties, that the representations so made to him were false and untrue. It is contended by the appellant that, upon this state of facts, the decree in the equity case in the partnership accounting was a full and complete adjudication of all matters involved between the appellant and appellee in relation to said

note and all matters connected therewith, and that the appellee cannot now maintain this action at law for damages claimed to have been suffered by him because of the alleged false and fraudulent representations of the appellant in inducing the appellee to execute the said note. It is to be observed that the appellee's cause of action in this count is predicated only on the alleged false and fraudulent representations of the appellant in inducing the appellee to execute the contract with the appellant and execute the note referred to. The right of the appellee to recover for the alleged fraud and false representations was an independent cause of action, which the appellee might have asserted in said former action by way of counterclaim. But where such independent cause of action existed, the appellee was not bound to plead the same by way of counterclaim in said action, and his failure so to do did not render the decree in said action an adjudication of his right to maintain said claim for damages based on the alleged false and fraudulent representations.

In *Ferguson v. Epperly*, 127 Iowa 214, we said:

"There is no rule of law with which we are familiar that holds to the doctrine that a failure to plead an existing cause of action as a counterclaim, when presented with an opportunity to do so, operates *ipso facto* to cancel or satisfy said cause of action."

In *Secor v. Siver*, 165 Iowa 673, we said:

"Under our decisions, a breach of warranty or damages for fraud and deceit may either be pleaded in defense to the main suit, or, at the defendant's election, may be made the subject of counterclaim, or reserved for a future action after plaintiff has recovered on his main suit for the purchase price. Of course, the merits of the main case cannot be reinvestigated, by reason of the provision of the Federal Constitution (Section 1, Article 4). *American Trad. & Stor. Co. v. Gottstein*, 123 Iowa 267; *State v. Helmer*, 21 Iowa 370. Decisions from other states seem to support our rule that the recovery of judgment for the purchase price by the seller does not prevent the buyer from thereafter bringing an action for damages for false and fraudulent representations in the sale, unless he actually tenders this issue in the main suit."

In *Seager v. Foster*, 185 Iowa 32, we said:

"The plaintiff in this action had not, as defendant in the prior suit, asserted any claim to damages consequent on the collision, either by way of counterclaim, set-off, or cross-petition, and was not required so to do, in order to protect such claim. He might so have done, but was not bound to; for he might have elected whether he would assert his claim for damages in that action, or proceed in an independent action to recover the damages, if any he had suffered. *Jones v. Witousek & Co.*, 114 Iowa 14; *Smeaton v. Cole*, 120 Iowa 368. Having elected to prosecute his claim for damages in another and independent action, as was his right, it might not be abated because of the pendency of defendant's suit, previously brought. *Osborn v. Cloud*, 23 Iowa 104; Section 3440, Code; 1 Corpus Juris 83."

See, also, *Price v. Macomber*, 163 Iowa 406; *Newgent v. Alsberg*, 173 App. Div. 878 (160 N. Y. Supp. 71); *McKnight v. Devlin*, 52 N. Y. 399; *Thoreson v. Minneapolis Harv. Works*, 29 Minn. 341 (13 N. W. 156); *Stillwell v. Hill*, 87 Ore. 112 (169 Pac. 1174); *Barker v. Cleveland*, 19 Mich. 230; *Brown v. Gallaudet*, 80 N. Y. 413.

By performance of the contract on his part in making payment of the note given for the purchase price of the stock, the appellee did not waive his right to maintain a separate action for the fraud and false representations that induced the execution and delivery of the note. A party who is induced to enter into a contract by fraud and false representations can affirm the contract and perform the same, and then sue to recover the damages suffered by reason of the fraud. See *Hagen v. Barry*, 194 Iowa 1207, and cases cited therein.

So in this case, the appellee could and did affirm the contract of purchase of the property, and paid the note given for the purchase price. This, however, did not preclude him from thereafter maintaining an independent action for damages for the alleged fraud and false representations that induced him to enter into the contract and execute the note. The court did not err in submitting to the jury Count 3 of appellee's petition.

IV. In Count 4 of his petition, the appellee seeks to recover for the value of a load of oats which it was claimed the appellant took, falsely and fraudulently stating to the appellee

4. PARTNERSHIP: actions between partners: conversion.

that he had taken but five loads of oats, when in fact he had taken six loads. It appears that this matter was not known to the appellee until after the decree had been entered in the equity case. Appellee's contention is that the appellant had fraudulently secured this one load of oats from the partnership property. One partner can maintain his action at law against his copartner for fraudulent conversion of partnership property. *Fuller v. Percival,* 126 Mass. 381; *Weirich v. Dodge,* 101 Wis. 621 (77 N. W. 906). The court did not err in submitting to the jury Count 4 of the appellee's petition.

The jury, in answer to special interrogatories submitted by the court, designated the specific amounts allowed the appellee on each of the counts sued upon.

The cause will be remanded, and the action of the trial court reversed as to Counts 1 and 2. As to Counts 3 and 4, the judgment will be affirmed.—*Affirmed in part; reversed in part.*

PRESTON, C. J., EVANS, STEVENS, and ARTHUR, JJ., concur.