CAROLINE M. ROBINSON, Appellant, *v.* SPIER WHITAKER and Others, Defendants, Impleaded with INNESS WHITAKER and Others, Respondents. (No. 1.)

CAROLINE M. ROBINSON, Appellant, *v.* SPIER WHITAKER and Others, Defendants, Impleaded with JOSEPH L. MEADE, Respondent. (No. 2.)

CAROLINE M. ROBINSON, Appellant, *v.* SPIER WHITAKER, Respondent, Impleaded with HUBERT E. ROGERS and Others, Defendants. (No. 3.)

CAROLINE M. ROBINSON, Appellant, *v.* SPIER WHITAKER and Others, Defendants, Impleaded with HUBERT E. ROGERS, Respondent. (No. 4.)

First Department, May 4, 1923.

**Pleadings — action to have it decreed that defendants conspired to defraud plaintiff in purchase of old bond and mortgage and that it be decreed that bond and mortgage is held by one defendant as trustee — motion under Rules of Civil Practice, rule 106, to dismiss complaint on ground that plaintiff has adequate remedy at law in that she should have pleaded cause of action as equitable defense or counterclaim in action on bond — complaint may be dismissed under said rule where it appears on face thereof that plaintiff has adequate remedy at law — plaintiff was not required to plead cause of action as equitable defense or counterclaim — fact that she had right to so plead does not show adequate remedy at law — since this action is against parties all of whom are not parties to action at law complaint should not be dismissed — plaintiff has right under Civil Practice Act, §§ 211–213, to make all defendants parties — mere assertion by some of defendants of no interest does not entitle them to dismissal of complaint.**

In an equity action the court has power under rule 106 of the Rules of Civil Practice to dismiss a complaint on the ground that it appears on the face thereof that the plaintiff has an adequate remedy at law.

In an action in equity to have it decreed that the defendants conspired to defraud the plaintiff by purchasing an old bond and mortgage to be asserted as a counterclaim by them in an accounting and that it be decreed that the bond and mortgage is held by one of the defendants as trustee, it appeared that the plaintiff transferred certain property to two of the defendants as security for a loan made by third persons to the plaintiff; that the transferees claimed that the transfer was an absolute one; that in an action by the plaintiff it was adjudged that the plaintiff was entitled to the property transferred and to an accounting and that the transferees held the property as trustees; that thereafter the defendants in this action conspired to defraud the plaintiff and for that purpose one of the transferees purchased an old bond and mortgage at less than its face value with the intention of using it as a counterclaim for the full amount on the accounting and had said bond and mortgage transferred to a dummy who thereafter brought an action thereon to recover the full amount of the bond, and attached the property which the plaintiff had transferred as security and

also her interest in an estate. The plaintiff alleges that she could not adequately defend her rights in that action on the law side of the court and has no adequate remedy at law.

*Held,* that the plaintiff was not required to plead the equitable cause of action herein as an equitable defense or counterclaim in the action on the bond, and the fact that she may have had the right to set up this cause of action as an equitable defense or counterclaim does not show that she has an adequate remedy at law, and, therefore, the complaint herein cannot be dismissed merely upon the ground that the Civil Practice Act permits the defendant to use this cause of action as an equitable defense or counterclaim in the action on the bond.

Moreover, the complaint states that certain persons who are not parties to the action on the bond have an interest in the property which the plaintiff seeks to recover in this action and for this reason alone the complaint should not be dismissed.

The mere statement in the brief of counsel that certain of the defendants herein are not interested in the subject-matter of the action and have no lien or claim upon or growing out of the property and transaction involved, does not authorize the dismissal of the complaint as to those defendants, since under sections 211–213 of the Civil Practice Act the plaintiff is entitled to bring in every party who, it is alleged, has made or may make a claim to the property, or have a lien upon it, and said assertion in the brief of counsel cannot overcome verified allegations in the complaint to the contrary.

SMITH and PAGE, JJ., dissent in part.

FOUR separate appeals in one action by the plaintiff, Caroline M. Robinson, from orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York.

Appeal No. 1 is from an order entered on the 19th day of October 1922, granting the motion of the defendants Inness Whitaker, Enos S. Booth and John Vance Hewitt for judgment dismissing the complaint as to them.

Appeal No. 2 is from an order entered on the 19th day of October, 1922, granting the motion of the defendant Joseph L. Meade for judgment dismissing the complaint as to him.

Appeal No. 3 is from an order entered on the 11th day of November, 1922, granting the motion of the defendant Spier Whitaker for judgment dismissing the complaint as to him.

Appeal No. 4 is from an order entered on the 11th day of November, 1922, granting the motion of the defendant Hubert E. Rogers for judgment dismissing the complaint as to him.

*Leslie C. Ferguson,* for the appellant.

*Booth & Hewitt* [*John Vance Hewitt* of counsel; *Enos S. Booth* and *Inness Whitaker* with him on the brief], for the respondents Inness Whitaker and others.

*Locke, Watts & Stephenson* [*Robert C. Beatty* of counsel], for the respondents Hubert E. Rogers and Spier Whitaker.

Merrell, J.:

The motions to dismiss were made separately by the above-mentioned defendants under rule 106 of the Rules of Civil Practice. The grounds set forth in the motion papers were that the complaint does not state facts sufficient to constitute a cause of action; that the plaintiff has an adequate remedy at law, and that there is another action pending between the same parties for the same cause. The learned trial justice granted the several motions upon the ground that " the matters alleged in the complaint are available as a defense in the action now pending in this court in which the defendant Joseph L. Meade is plaintiff and the plaintiff herein [is] one of the defendants, and all the relief which the plaintiff seeks in this action can be secured in such action."

The appellant contends that in a motion made under rule 106 a complaint cannot be dismissed upon the ground that the plaintiff has an adequate remedy at law, and that such issue must be raised by answer.

The respondents, on the other hand, assert that under the Civil Practice Act a defendant must set up in his answer all counterclaims, both legal and equitable, which he has against the plaintiff; that such being the case, the plaintiff has an adequate remedy at law and can and should be compelled to litigate her alleged equitable cause of action in the action brought against her by the aforesaid Joseph L. Meade.

The complaint alleges that the plaintiff, Caroline M. Robinson, at the request of certain parties had conveyed and transferred to the defendant Hubert E. Rogers and to his corporation, Moss Estate, Inc., certain valuable real estate and securities in trust and as collateral security for the payment of certain loans made by Katharine T. Martin and Mary Martin to the plaintiff; that said Rogers, in violation of plaintiff's rights, set up a claim that said transfers were an absolute sale and refused to return to the plaintiff her property on tender of the balance due on such loans; that said Rogers attempted to appropriate such property to his own use; that an action was brought in 1920 in the Supreme Court of the county of New York against said Rogers and other defendants to declare said transaction a loan and to recover plaintiff's said real estate and securities and for an accounting; that said action was tried and a decision rendered in favor of the plaintiff in June, 1922, the decree being entered in July, 1922; that said decree adjudged that said Rogers and his said corporation, Moss Estate, Inc., are trustees for the plaintiff as to said real estate and securities and directed the said Rogers and his said corporation and the other defendants to account and to deliver said properties to the

plaintiff; that while said action was pending said Rogers on or about April 14, 1922, purchased of the Atlantic National Bank of the city of New York an old claim against the plaintiff at less than its face; that the amount paid for said claim was the sum of $1,000; that the amount paid therefor was furnished directly or indirectly by the defendant Rogers; that the negotiations for such purchase were carried on by the defendant Spier Whitaker, the law partner of said defendant Rogers; that during said negotiations said Whitaker stated to said Atlantic National Bank that said claim was of no value and could not be collected, but that his said client could use it as a setoff on an accounting he had to make; that the defendant Robert H. Ewell also acted as counsel for said Rogers; that the defendant Joseph L. Meade is a young man of moderate means and is at present employed in a minor position by the Guaranty Trust Company; that the defendants Rogers, Spier Whitaker, Inness Whitaker, Robert H. Ewell, Enos S. Booth and John Vance Hewitt are all attorneys at law of the State of New York, and that they knowing the decisions holding that a trustee or an attorney for a trustee cannot take advantage of his trust relation and his special knowledge of the trust estate to make an individual profit by buying up claims against the " *cestui trust* " at a discount, conspired together to defraud the plaintiff and fraudulently caused said claim to be assigned to the said defendant Meade; that the said defendant Meade is in fact a dummy acting under the instructions of the defendant Rogers; that the defendant Rogers obtained knowledge respecting the assets of the estate of Mary J. Martin to which the plaintiff is entitled, as attorney for the trustees of said estate, and also in his capacity as trustee for the plaintiff; that knowledge of said claim held as aforesaid by the Atlantic National Bank came to the defendant Rogers in his capacity as trustee for the plaintiff; that the defendants Rogers, Spier Whitaker, Rogert H. Ewell, Inness Whitaker, Enos S. Booth and John Vance Hewitt have or claim to have a financial interest in any profit to be realized in any recovery from the plaintiff or out of her said property over the $1,000 so paid for said bond and mortgage; that on June 26, 1922, the defendant Rogers in conjunction with the defendants Spier Whitaker, Inness Whitaker, Robert H. Ewell, Enos S. Booth and John Vance Hewitt and in order to defraud the plaintiff caused the said defendant Meade to commence an action on said claim against the plaintiff for the sum of about $36,000 and to levy an attachment against the property of the plaintiff in the possession of said Rogers, Katharine T. Martin and Moss Estate, Inc., which

is the same property described in said decision made in the case above referred to; that on the 27th of June, 1922, certain moneys came into the hands of said Katharine T. Martin and Alrick .H. Man, as trustees of the estate of Mary J. Martin, deceased, of which the plaintiff herein was entitled to her share under the trust provided for in the will of her said mother, Mary J. Martin, deceased; that on the following morning, June 28, 1922, the said defendant Rogers, in conjunction with the said defendants Spier Whitaker, Inness Whitaker, Robert H. Ewell, Enos S. Booth and John Vance Hewitt and in order to defraud the plaintiff, caused the said defendant Meade to levy an attachment against the share of the plaintiff in said moneys; that the aforesaid claim so purchased by said defendant Rogers and transferred to said defendant Meade is a bond executed by the plaintiff on or about November .9, 1914, for $30,000, which bond is dated October 1, 1914, and ran to one Frank Thomas and was secured by a mortgage covering certain real estate in the city of New York; that said action so brought by said defendant. Meade can be brought to trial before the said accounting can be had in said action brought by the plaintiff against said Rogers and others; that said Rogers in said action so decided by the Special Term has resorted to every possible legal device for delay; that said cause has already been before the Appellate Division three times; that said Rogers has served a notice of appeal from the aforesaid judgment; that any judgment procured in said action brought by said Meade and sale thereunder before the plaintiff's rights are determined in her said accounting action would in effect nullify the said decree already rendered in her favor; that the plaintiff cannot adequately defend her rights in said action brought against her by said Meade on the law side of this court, and that the plaintiff has no adequate remedy at law. Plaintiff demands judgment against all of the defendants decreeing that the defendants have conspired together to defraud the plaintiff by causing said bond and mortgage to be transferred to said Meade; that said defendants be declared to have no interest, right or claim in said bond and mortgage over and above said sum of $1,000 paid therefor by the defendant Rogers; that it be adjudged defendant Meade holds said bond and mortgage as trustee for the plaintiff; that defendant Meade surrender to the plaintiff said bond and mortgage upon payment of the sum of $1,000 with interest from April 14, 1922. The plaintiff then asks that pending the final determination of the action the defendants, their agents and servants be enjoined and restrained from prosecuting the said action commenced by the defendant Meade against the plaintiff.

As above stated, the learned justice at Special Term, in determining the motions to dismiss the complaint, apparently was of the opinion that the plaintiff had an adequate remedy at law for the reason that it appears on the face of the complaint that an action had been brought by Meade in which this plaintiff might have set up as a defense the same facts alleged in the complaint in the case at bar.

It is the contention of the appellant that under rule 106 of the Rules of Civil Practice the court has no power or authority in any case to dismiss a complaint on the ground that it appears upon the face thereof that the plaintiff has an adequate remedy at law. The appellant argues that this is not one of the grounds mentioned in the rule. I am of opinion, however, that the appellant's contention in that regard cannot be sustained. The action having been brought on the equity side of the court, the law is well settled that the complaint should show that the plaintiff has no adequate remedy at law. If the complaint shows upon its face that the plaintiff has an adequate remedy at law, a motion to dismiss made under rule 106 of the Rules of Civil Practice should be granted, with leave to serve a proper complaint on the law side of the court. (*Low* v. *Swartwout,* 171 App. Div. 725; *Adelson* v. *Sacred Associates Realty Corporation, No. 1,* 192 id. 601.)

It does not necessarily follow, however, that if it appears upon the face of the complaint that the plaintiff might set up the same facts alleged therein as a defense or counterclaim in an action at law theretofore brought against him he is thereby compelled to do so and has for that reason an adequate remedy at law. (*Brown* v. *Gallaudet,* 80 N. Y. 413; *Silberstein* v. *Begun,* 232 id. 319, 323, 324; *Newgent* v. *Alsberg,* 173 App. Div. 878, 880.) In *Newgent* v. *Alsberg* (*supra,* at p. 880) SCOTT, J., says:

" But even if the matter as pleaded in this action might have been interposed as a counterclaim in the prior action, the plaintiffs were not under any obligation to so interpose it, but were entitled to reserve it to be sued upon as a separate cause of action. This has been held in many cases. * * * The cause of action for dissolution of the partnership was not so tied up with the action for damages for being led into the agreement as to impose any obligation upon these plaintiffs to interpose the present cause of action as a defense in that action. They had the right to reserve it and to bring it on in an action which they themselves could control and not in one which the present defendant could control and direct as plaintiff."

Nor do I think it can fairly be said, because a plaintiff may have the right to set up an equitable defense or an equitable counter-

claim in another action, that for such reason the plaintiff has an adequate remedy at law. The facts alleged in the complaint clearly show that the plaintiff has a right of action in equity and has no adequate remedy at law. Relief must be granted here, if at all, on general principles of equity. Upon the facts stated in the complaint no action at law can be brought by plaintiff in which the relief asked could be granted. The complaint cannot, therefore, be dismissed merely upon the ground that the Civil Practice Act permits the defendant to set up an equitable defense or counterclaim in an action at law. The action above referred to brought by Meade against the plaintiff has now been removed to the Federal court. The plaintiff may not now be able to seek the relief sought by an amendment to her pleadings in such action. Moreover, the complaint states that certain persons not parties to the action brought by Meade claim an interest in the property which the plaintiff seeks to recover in this action. For this reason alone the complaint should not be dismissed. While the Legislature attempted to facilitate the determination and adjustment of all controversies between parties in a single action, it was not its intention to permit one party by bringing an action at law to deprive the other of his right to assert an equitable claim on the equity side of the court and to bring in such parties as are deemed necessary and proper to the settlement and adjustment of the controversy. If any of such parties happen to be nonresidents there is no other safe course as the Civil Practice Act seems to make no provision for substituted service upon such parties when they are brought in on allegations contained in a defense or counterclaim.

It, therefore, follows that a defendant in an action at law is not compelled by any provision of the Civil Practice Act to assert an equitable defense or counterclaim if he has one under the penalty of forever being barred from bringing suit thereon if he does not do so.

Certain of the defendants say they are not interested in the subject-matter of the action and have no lien or claim upon or growing out of the property and transaction involved. The mere statement to that effect contained in the brief is not sufficient to warrant a dismissal of the complaint as to them. The complaint fully states the facts which give rise to plaintiff's alleged cause of action and states explicitly, as above shown, that the defendant Meade is a dummy; that all of these defendants conspired together to defraud the plaintiff; that they have or claim to have a financial interest in any profit realized in any recovery by Meade from the plaintiff over and above the $1,000, and that in order to defraud

App. Div. 286] First Department, May, 1923.

the plaintiff all of them caused the defendant Meade to bring his action against plaintiff and to attach her property by two successive levies. As the action brought by Meade is to recover on the bond which plaintiff seeks to obtain in this action, on equitable grounds and assuming the allegations of the complaint to be true, as we must, it is evident that under the well-settled practice and under the provisions of the Civil Practice Act the complaint cannot be dismissed on this motion as to these defendants. The allegations in the complaint stating plaintiff's claim against these defendants is more explicit than required in actions to foreclose liens on property. As the present action is to recover a bond, the plaintiff is clearly entitled to bring in every party who it is alleged has made or may make a claim to it or have a lien upon it.

Section 211 of the Civil Practice Act provides in part: " All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative." Under section 212 a defendant need not be interested in all the relief claimed, and section 213 reads as follows: " Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, to the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined as between the parties." The plaintiff, therefore, by the plain provisions of the Civil Practice Act has the right to maintain this action against all of these defendants whom she alleges claim an interest in the property she seeks herein to recover.

It may be that under other sections of the Civil Practice Act the defendants Booth, Hewitt and Inness Whitaker might move to have their names dropped and stricken out as parties defendant, if, in fact, as they assert in their brief, they have and claim no interest in the subject-matter of this action. In such event the moving affidavits and papers would necessarily be such as to forever estop them from asserting any claim which could in any way be detrimental to the plaintiff or defeat or abridge her alleged right of recovery. Section 192 of the Civil Practice Act provides: " No action or special proceeding shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added or substituted and parties misjoined may be dropped by order of the court at any stage of the cause as the ends of justice may require." A mere disclaimer of interest, however, contained in a brief, cannot prevail over the verified allegations of the complaint. Particularly is this true in a motion under rule 106 of the Rules of Civil Practice seeking to dismiss a complaint in an equitable action. The pleading would, I believe, have been good against

these defendants under the Code and the settled practice thereunder. Certainly there can be no question as to the right to bring in these defendants under the broad privileges extended to litigants under the new act.

For the reasons above stated, the several orders appealed from should be reversed, with ten dollars costs and disbursements, and the motions denied, with ten dollars costs.

Clarke, P. J., and McAvoy, J., concur; Smith and Page, JJ., dissent and vote to affirm in so far as the complaint was dismissed as against Inness Whitaker, Enos S. Booth and John V. Hewitt, and concur in the opinion for reversal and denial of the motion to dismiss as to the other respondents.

In each case: Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.